AD VILLARAI, LLC, the Ashley Nicole Williams Trust, Villas on Raiford Carrollton Senior Housing, LLC, and Villas on Raiford, LLC, Petitioners,

v.

CHAN IL PAK, Respondent

No. 16-0373

Supreme Court of Texas.

OPINION DELIVERED: May 12, 2017

William F. LePage, Peter D'Apice, Stutzman Bromberg Esserman & Plifka, P.C., Dallas, David M. Pruessner, Law Offices of David M. Pruessner, Dallas, for Petitioners.

John C. Sokatch, James Robert Krause, Friedman & Feiger, LLP, Dallas, Jason Charles Ciarochi, Ciarochi Law Firm PLLC, Dallas, for Respondent.

PER CURIAM

The issue in this case is whether a newly elected district-court judge or the former judge she replaced may file findings of fact following a bench trial over which the former judge presided before his term expired. The court of appeals held that neither judge can file the findings. We agree that the new judge lacks authority to file the findings. Under these facts, however, we conclude that the former judge may file the findings. We reverse the court of appeals' judgment and remand this case to that court with instructions that it abate the appeal and direct the trial court to correct the error by requesting that the former judge file findings. If the former

judge fails or refuses to file findings as requested, the court of appeals may then reverse the trial court's judgment and remand for a new trial.

We begin by summarizing the law governing findings of fact. "In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law." TEX. R. CIV. P. 296.[1] The party must file its request within twenty days after the court enters its judgment, and the court clerk must "immediately" bring the request "to the attention of the judge who tried the case." *Id.* The court must file its findings within twenty days of the timely request. TEX. R. CIV. P. 297. If the court fails to file findings within twenty days, the requesting party may file a notice of past due findings within thirty days of the initial request. *Id.* A timely past-due notice extends the judge's deadline to forty days from the party's initial request. *Id.* If the court fails to file findings in response to a proper and timely request, the court of appeals must presume the trial court made all the findings necessary to support the judgment. *Marchand*, 83 S.W.3d at 795. A party may rebut the presumption by demonstrating that the record evidence does not support a presumed finding. *See Zac Smith & Co.*

*v. Otis Elevator Co.*, 734 S.W.2d 662, 666 (Tex. 1987).

Of course, "fact findings are not necessary when the matters in question are not disputed." *Barker v. Eckman*, 213 S.W.3d 306, 310 (Tex. 2006) (citing *Sullivan v. Barnett*, 471 S.W.2d 39, 44 (Tex. 1971)). But if a court fails to file findings when the facts are disputed, the burden of rebutting every presumed finding can be so burdensome that it effectively "prevent[s the appellant] from properly presenting its case to the court of appeals or this Court." *Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 263 (Tex. 2014) (citing *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam)); *see also Fraser v. Goldberg*, 552 S.W.2d 592, 594 (Tex. Civ. App.—Beaumont 1977, writ ref'd n.r.e.) ("In factually complicated situations in which there are two or more possible grounds for recovery or defense, an undue burden would be placed upon an appellant."). A trial court's failure to file findings in response to a timely and proper request is thus "presumed harmful, unless 'the record before the appellate court affirmatively shows that the complaining party has suffered no injury.'" *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989) (quoting *Wagner v. Riske*, 142 Tex. 337,178 S.W.2d 117, 120 (1944)).[2]

---

1. Our rules generally treat "findings of fact and conclusions of law" together as a single document. *See* TEX. R. CIV. P. 296, 297, 298. Fact findings and legal conclusions, however, reflect distinct types of court decisions, are subject to different requirements, and are reviewed under different standards. *See, e.g., BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) (addressing distinctions and differing standards of review); *see also* TEX. R. CIV. P. 299 (addressing only findings of fact), 299a (same). Having a judge who did not preside over a trial announce fact findings gives rise to practical concerns that do not arise if the same judge files legal conclusions. *See, e.g., Storrie v. Shaw*, 96 Tex. 618, 75 S.W. 20, 21–22 (1903) (noting that it

"would be impossible for a judge who had not heard the testimony to express in the form of conclusions of fact the impression which the conflicting evidence made upon the mind of one who heard it"). We are concerned in this case only with findings of fact—which we sometimes refer to simply as "findings"—and express no opinions regarding conclusions of law.

2. *See also Tenery*, 932 S.W.2d at 30 ("[H]arm to the complaining party is presumed unless the contrary appears on the face of the record when the party makes a proper and timely request for findings and the trial court fails to comply.").

When the trial court's failure is harmful, the preferred remedy is for the appellate court to direct the trial court to file the missing findings. *See id.* at 772–73 (instructing court of appeals to direct trial court to correct its error by filing findings and conclusions); *see also* TEX. R. APP. P. 44.4 (requiring appellate courts to direct trial courts to correct any correctable error that prevents "the proper presentation of a case to the court of appeals"). If the trial court still fails to file the findings, the appellate court must reverse the trial court's judgment and remand the case for a new trial. TEX. R. APP. P. 44.1(a)(2) ("No judgment may be reversed . . . [unless] the court of appeals concludes that the error complained of . . . prevented the appellant from properly presenting the case to the court of appeals."); *Brooks v. Hous. Auth. of El Paso*, 926 S.W.2d 316, 321 (Tex. App.—El Paso 1996, no writ) ("If the trial court cannot forward findings and conclusions to the court of appeals due to loss of the record, problems with memory, passage of time, or other inescapable difficulties, reversal and remand for a new trial is a proper remedy."); *see also S. Pac. Transp. Co. v. Stoot*, 530 S.W.2d 930, 931 (Tex. 1975) ("If the facts are not fully and accurately determined, then the wisest judge cannot distinguish between merit and demerit. If we do not get the facts right, there is little chance for the judgment to be right.").

We now turn to the facts of this case, in which Petitioners AD Villarai, LLC, the Ashley Nicole Williams Trust, Villas on Raiford, LLC, and Villas on Raiford Carrollton Senior Housing, LLC (collectively, Villarai) sued Respondent Chan Il Pak for breach of fiduciary duty and related claims. In March 2014, Judge Martin Lowy—who then served as judge of the 101st Judicial District Court of Dallas County—entered an interlocutory permanent injunction against Pak. That same month, Judge Lowy lost in the primary election to Judge Staci Williams. Judge Lowy conducted a bench trial on Villarai's remaining claims in October 2014 and entered a final judgment on November 24, 2014. Pak timely filed a request for findings of fact and conclusions of law on December 1, but Judge Lowy did not file findings within twenty days. Pak then filed a notice of past due findings on December 31, Judge Lowy's last day as the elected judge of the 101st. Judge Williams, meanwhile, faced no opposition in the November general election and took office on January 1, 2015. After learning of Pak's pending request, Judge Williams ordered copies of the reporter's record and exhibits from the bench trial and then timely filed her findings of fact and conclusions of law on January 12, 2015.[3]

Pak appealed the trial court's judgment, arguing in part that Judge Williams's findings were invalid because she lacked authority to file them. The court of appeals agreed, and further held that Judge Lowy could not then file findings because he "has been replaced as the result of an election and is no longer available to respond to an order of this Court to make findings and conclusions." 2016 WL 637736, at *4 (Tex.App.—Dallas February 16, 2016). The court thus reversed the judgment against Pak and remanded the case to the trial court for further proceedings consistent with the court's opinion. *Id.* Villarai filed a petition for review.

Villarai first contends that Pak waived any complaint about Judge Williams's authority to file findings because he never

---

**3.** The court has up to forty days to file findings, which in this case would be January 10, 2015. *See* TEX. R. CIV. P. 297. But because January 10th was a Saturday, the last day to file findings was actually Monday, January 12. *See* TEX. R. CIV. P. 4.

raised that objection in the trial court. On January 6, 2015, shortly after taking office, Judge Williams issued an order directing the court reporter to provide a copy of the reporter's record and exhibits so that she could file the findings Pak had requested. Two days later, she entered another order requiring the reporter to resubmit the record in a format compatible with the court's computers. She then filed her findings on January 12. Pak never objected to any of these orders and did not challenge Judge Williams's authority to file the findings until he filed his appellant's brief in the court of appeals. A majority of the appellate-court panel concluded that, despite Pak's failure to raise an objection in the trial court, Judge Williams lacked authority to file the findings and thus the findings were of "no effect." *Id.* at *2. The dissenting justice disagreed.

■■■ We agree with Pak and the court of appeals' majority. Our error-preservation rules require litigants to make "a timely request, objection, or motion that" provides the grounds for relief and complies with the Rules of Civil or Appellate Procedure. Tex. R. App. P. 33.1. The Rules of Civil Procedure provide the mechanism for parties to preserve error regarding a trial court's findings of fact. *See* Tex. R. Civ. P. 296 (requiring litigants to file a request for findings within twenty days of the final judgment), 297 (requiring litigants to file a notice of past due findings when the court does not file findings within twenty days). We have held that a party waives its right to challenge a failure to file findings if it does not file a notice of past due findings as rule 297 requires. *See, e.g., Las Vegas Pecan & Cattle Co., Inc. v. Zavala Cty.*, 682 S.W.2d 254, 255 (Tex. 1984) ("Without [the] timely reminder [that rule 297 requires], [the requesting party] waived its complaint of the failure on appeal."). And as a result, filing a notice

of past due findings is sufficient to preserve error for unfiled findings.

■■■ What appears to make this case different is that Judge Williams *did* file findings, but this is a distinction without a difference. When a party challenges a lack of findings from the trial court, it is immaterial whether the court literally filed no findings or filed something that amounts to no findings authorized by law. In either case, the trial court has not discharged its obligation to provide findings and the requesting party does not have findings that comply with rule 296. Thus, Pak did not have an obligation to preserve error beyond filing his request for past due findings. *See, e.g., Cherne*, 763 S.W.2d at 772 (holding that compliance with rules 296 and 297 is sufficient to preserve error for unfiled findings).

■■■ In other contexts, we have held that an order "is void when a court has no power or jurisdiction to render it." *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986). Void orders are not waivable on direct review. *See, e.g., Easterline v. Bean*, 121 Tex. 327, 49 S.W.2d 427, 429 (1932) ("The decisions hold that a void judgment is one entirely null within itself, and which is not susceptible of ratification or confirmation, and its nullity cannot be waived."). Here, if Judge Williams lacked authority to file findings, then the findings she did file are void. Pak was under no obligation to object to the trial court's void actions.

■■■ Villarai next contends that the court of appeals erred because Judge Williams had authority to file the findings. Villarai makes five arguments in urging this Court to accept Judge Williams's findings as valid, each of which we address and reject. First, relying primarily on *Lykes Brothers Steamship Co. v. Benben*, 601 S.W.2d 418, 421 (Tex. Civ. App.—Houston

[14th Dist.] 1980, writ ref'd n.r.e.), Villarai asserts that rule 18 of the Texas Rules of Civil Procedure permitted Judge Williams to file findings as the successor to Judge Lowy. Rule 18 provides:

> If the judge dies, resigns, or becomes unable to hold court during the session of court duly convened for the term, ... all motions undisposed of shall be heard and determined by [the successor judge], and statements of facts and bills of exception shall be approved by [the successor judge].

Tex. R. Civ. P. 18. Citing our decision in *Storrie v. Shaw*, 96 Tex. 618, 75 S.W. 20 (1903), the *Lykes* court held that a request for findings is a "motion" under rule 18 and thus the rule authorized a successor judge to file findings. 601 S.W.2d at 421–22. But even if rule 18 applies to requests for findings of fact—an issue we need not and do not decide here—we find *Lykes* to be distinguishable because the former judge in that case "resigned." *Id.* at 420. Rule 18 expressly permits a successor judge to determine undisposed motions when the predecessor judge "resigns." Here, rule 18 does not apply because Judge Lowy did not die, resign, or become unable to hold court. *See, e.g., In re J.D.H.*, No. 05-14-00504-CV, 2016 WL 3946822, at *6 (Tex. App.—Dallas July 18, 2016, no pet.) (mem. op.) (holding that not even the successor to a *retiring* judge may file findings because "retirement" is not listed in rule 18 and has a statutorily distinct meaning from "resignation"). Instead, Judge Lowy vacated his seat because of an election, and rule 18 does not address such circumstances.

Nor can we conclude that rule 18's reference to a judge who is "unable to hold court" applies to a judge who has lost his seat in an election. *See* Tex. Gov't Code § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). According to its title, Rule 18 applies when a judge "Dies During Term, Resigns or *is Disabled.*" Tex. R. Civ. P. 18 (emphasis added); *see* Tex. Gov't Code § 311.023(7) ("In construing a [rule,] ... a court may consider among other matters the ... title (caption)."); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 221 (2012) ("The title and headings are permissible indicators of meaning."). A person who is "disabled" suffers from a physical or mental incapacity. *See Disability*, Black's Law Dictionary (10th ed. 2014) ("An objectively measurable condition of impairment, physical or mental, esp. one that prevents a person from engaging in meaningful work."); Bryan A. Garner, Garner's Modern English Usage 284 (2016) ("*Disability* [is] ... a disabling injury, illness, or handicap ... [or] legal incapacity....").[4] A physical or mental incapacity that makes a judge "unable" to hold court is different from a status that removes a judge's *authority* to hold court. We conclude that "unable to hold court," as construed in light of the term "disability," does not extend to situations in which the judge lacks authority to hold court.

---

4. *See also* Tex. Labor Code § 21.105 (defining "disability" as a "physical or mental condition that does not impair an individual's ability to reasonably perform a job"); Tex. Transp. Code § 681.001(2) (" 'Disability' means a condition in which a person has ... mobility problems that substantially impair the person's ability to ambulate [or vision problems]."); Tex. Civ. Prac. & Rem. Code § 16.022(a)(2) ("For the purposes of this subchapter, a person is under a legal disability if the person is ... (2) of unsound mind...."); *see also* 42 U.S.C. § 12102(1)(A) ("The term 'disability' [for purposes of the Americans with Disabilities Act] means ... a physical or mental impairment that substantially limits one or more major life activities....").

■ Second, Villarai argues that rule 1 requires us to liberally construe rule 18 to apply to these circumstances to "obtain a just, fair, equitable and impartial adjudication . . . with as great expedition' and dispatch and at the least expense both to the litigants and to the state as may be practicable." TEX. R. CIV. P. 1. Villarai contends that refusing to apply rule 18 to these facts produces an untenably odd and inefficient result. But "liberally applying" a rule is one thing; rewriting it is another. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) ("[E]very word excluded from a statute must also be presumed to have been excluded for a purpose."). Because a judge displaced by an election does not vacate the bench because he "dies, resigns, or becomes unable to hold court," rule 18 does not apply to his successor.

■ Third, Villarai argues that Judge Williams had authority to file findings under section 30.002(a) of the Texas Civil Practice and Remedies Code. Section 30.002(a) provides: "If a . . . judge's term of office expires . . . during the period prescribed for filing . . . findings of fact and conclusions of law, the judge may . . . file findings of fact and conclusions of law in the case." TEX. CIV. PRAC. & REM. CODE § 30.002(a).[5] Villarai contends that because section 30.002(a) permissively provides that the former judge "may" file findings, it implicitly recognizes that the successor judge may file them as well. *See, e.g.*, TEX. GOV'T CODE § 311.016 (" 'May' creates discretionary authority or grants permission or a power."). We disagree. Section 30.002(a) grants the former judge authority to file findings after his term of office

expires, but it is silent as to the successor judge's authority to file findings on the former judge's behalf. The statute's grant of authority to the former judge does not imply a similar grant of authority to his successor.

■ Fourth, Villarai asserts that rules 296 and 297 grant Judge Williams the power to file findings. Rule 296 requires that the clerk of the court bring a request for findings "to the attention of *the judge* who tried the case." TEX. R. CIV. P. 296 (emphasis added). But as Villarai points out, rules 296 and 297 require *"the court"* to "state in writing its findings of fact and conclusions of law." *See id.* (emphasis added); *see also* TEX. R. CIV. P. 297 (*"The court* shall file its findings of fact and conclusions of law within twenty days after a timely request is filed. . . . Upon filing [a notice of past due findings], the time for *the court* to file findings of fact and conclusions of law is extended to forty days from the date the original request was filed.") (emphasis added). Villarai argues that rules 296 and 297 authorize "the court"—in this case, the 101st District Court, and thus, Judge Williams—to file findings.

Again, we disagree. Rule 18 permits a successor judge to dispose of pending motions *only* if the former judge "dies, resigns, or becomes unable to hold court." Similarly, section 30.002(b) permits a successor judge to file findings "as provided by Rule 18," but *only* if the former judge "dies" before he files the findings. TEX. CIV. PRAC. & REM. CODE § 30.002(b). Construing rules 296 and 297 to permit the successor judge, as the "court," to file findings in all

---

5. Section 30.002(a) codifies the common-law rule as it existed before the rules of civil procedure: the judge who heard the case has authority to file findings even if that judge has been displaced by election. In *Storrie,* we held that the judge "who presided at the trial, had

authority, after the expiration of his term of office, and during the term of the court at which the trial was had, to make and file conclusions of fact and law in response to the motion of appellant." 75 S.W. at 21.

circumstances would render both rule 18 (as applied to findings of fact, assuming it applies to findings at all) and section 30.002(b) superfluous. *See* TEX. GOV'T CODE § 311.021(2) ("In enacting a statute, it is presumed that ... the entire statute is intended to be effective...."); *Old American County Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 115 (Tex.2004) ("[W]e presume that every word of a statute has been included or excluded for a reason...."). While rules 296 and 297 require "the court" to file findings, section 30.002(b) grants a successor judge authority to file such findings only if the predecessor judge dies. *See Spence v. Fenchler*, 180 S.W. 597, 601 (Tex.1915) ("It is an elementary rule of construction that, when possible to do so, effect must be given to every sentence, clause, and word of a statute so that no part thereof be rendered superfluous or inoperative.").

■ Finally, Villarai asserts that a successor judge has inherent power to file findings, notwithstanding the governing rules and statutes. Again, we disagree. As Texas courts have consistently recognized, these rules and statutes *grant* judges power; they do not merely *recognize* inherent power. *See, e.g., J.D.H.*, 2016 WL 3946822, at *6 ("We have consistently concluded

that if neither article 30.002 nor rule 18 applies to a case that requires findings of fact and conclusions of law, then the case must be remanded.").[6]

In summary, because no provision grants successor judges the authority to file findings on behalf of their predecessors displaced by an election, we agree with the court of appeals and Pak that Judge Williams's findings were invalid.

■ Villarai next contends that the court of appeals erred in holding that Judge Lowy lacks authority to file the findings. On this point, we agree. As previously noted, section 30.002(a) provides: "If a district or county judge's term of office expires ... during the period prescribed for filing ... findings of fact and conclusions of law, the judge may ... file findings of fact and conclusions of law in the case." TEX. CIV. PRAC. & REM. CODE § 30.002(a). Here, because Judge Lowy's term of office expired on December 31, 2014, which was within the period for filing the findings Pak requested, section 30.002(a) granted Judge Lowy authority to file the findings even after his term expired.

The court of appeals relied on three cases to support its conclusion that Judge

---

6. *See also Liberty Mut. Fire Ins. v. Laca*, 243 S.W.3d 791, 796 (Tex. App.—El Paso 2007, no pet.) (holding that neither rule 18 nor section 30.002 allowed the successor to an electoral loser to file findings when the transition did not happen during the period in which the trial court was obligated to file findings); *Fid. & Guar. Life Ins. Co. v. Pina*, 165 S.W.3d 416, 420, 421 (Tex. App.—Corpus Christi 2005, no pet.) (holding that Rule 18 granted a successor to a resigned judge the power to file findings when a case was transferred between districts); *Larry F. Smith, Inc. v. The Weber Co., Inc.*, 110 S.W.3d 611, 616 (Tex.App.—Dallas 2003) ("There are rules and statutes addressing the continuation of the court's business after a judge has been replaced."); *W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 786 (Tex. App.—Houston [1st Dist.] 1990, no writ) ("Moreover, while rule 18 specifically allows the successor judge to rule on motions pending, it does not allow rendition of judgment by a judge who has heard no evidence."); *Lykes*, 601 S.W.2d at 420 (holding that rule 18 grants authority to some successor judges to file findings); *Fortenberry v. Fortenberry*, 545 S.W.2d 40, 43 (Tex. Civ. App.—Waco 1976, no writ) (relying in part on rule 18 to hold that a successor to a deceased judge was allowed to file findings); *Horizon Prop. Corp. v. Martinez*, 513 S.W.2d 264, 266 (Tex. Civ. App.—El Paso 1974, writ ref'd n.r.e.) (holding that rule 18 granted a successor to a deceased judge the power to file findings).

Lowy was "no longer available to respond to an order of this Court to make findings and conclusions." 2016 WL 637736, at *3. Those decisions, however, are all inapplicable for the same reason: the prescribed period for filing findings occurred either entirely before or entirely after the date on which the predecessor judge's term expired. For example, in *Laca* the court of appeals held "there is no provision for the instant situation, where the trial judge has been replaced as the result of an election" and thus remanded the case for a new trial. 243 S.W.3d at 796 (citing *Larry F. Smith*, 110 S.W.3d at 611). But the trial judge's term of office did not expire until after the final due date for filing the findings. *Id.* The same was true in *Larry F. Smith*, 110 S.W.3d at 616 ("[T]he trial court judge's term of office did not expire until ... more than a year after the period for filing findings of fact and conclusions of law ended."), and in *Federal Deposit Insurance Corp. v. Morris*, 782 S.W.2d 521, 522 (Tex. App.—Dallas 1989, no writ) (holding there was no remedy for lack of findings when the request for findings came *after* the presiding judge's term expired). Here, because Judge Lowy's term expired during the period prescribed for filing the findings Pak requested, section 30.002(a) authorized him to file the findings even after his term expired.

 Pak concedes that section 30.002(a) applies to this factual scenario, but contends that Judge Lowy only had authority to file findings during the court's plenary power over this case. Pak offers no authority to support this proposition,

and our decisions have recognized a contrary rule. *See, e.g., Cherne*, 763 S.W.2d at 773 (instructing court of appeals to direct the trial court to file findings long after plenary power had expired); *Tenery,* 932 S.W.2d at 30 (same); *see also Jefferson Cty. Drainage Dist. No. 6 v. Lower Neches Valley Auth.*, 876 S.W.2d 940, 959 (Tex. App.—Beaumont 1994, writ denied) ("[T]he expiration of the trial bench's 'plenary power' over its judgment does not affect or diminish the trial court's ability to make and file amended findings of fact and conclusions of law."). Section 30.002(a) expressly grants a judge whose term has expired during the period for filing findings authority to file findings and imposes no temporal limitation on that authority. Nor do our rules impose any such limitation.[7] *See generally* Tex. R. Civ. P. 296, 297; *In re A.C.S.*, 157 S.W.3d 9, 14 (Tex. App.—Waco 2004, no pet.) ("[T]he rules of procedure do not expressly prohibit a court from issuing belated findings."). The leniency of the rule allows a trial court judge to file late findings on her own volition or at the behest of the court of appeals. *See Cherne*, 763 S.W.2d at 773 ("Because the trial judge continues to serve on the district court, we believe the [failure to file findings] in this case is remediable."); *Larry F. Smith*, 110 S.W.3d at 616 (citing *Brooks*, 926 S.W.2d at 319–20) (explaining that the "preferred remedy" for outstanding findings is to abate the appeal to allow the trial judge to file findings).

Here, Pak filed a request for findings on December 1. Judge Lowy should have filed findings on or before December 21. On

---

7. While the rules create a deadline for the trial court to file findings, those deadlines do not bar late findings. Rather, they mark the point after which the party requesting findings may assert appealable error. Before findings are due, the presumed appellant has suffered no harm from a lack of findings and therefore has no appealable issue with respect to findings. Tex. R. App. P. 44.1(a)(2) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of ... probably prevented the appellant from properly presenting the case to the court of appeals....").

December 31—30 days from his initial request—Pak filed a notice of past-due findings, extending the court's deadline to January 12. Judge Lowy's term ended on December 31, which was "during the period prescribed for filing [findings]." TEX. CIV. PRAC. & REM. CODE § 30.002(a). Thus, Judge Lowy had the power, and was the only judge with the power, to file findings even after he left the bench.[8] The record does not explain why Judge Lowy failed to file findings. We do not know whether he thought he did not have the authority, he refused to, or he just forgot. But because we do not *know* that he refused to file findings—which would leave Villarai without recourse—the trial court should request that he file findings before ordering a new trial.

Asking a former judge to file findings is an extraordinary solution. Thus, section 30.002(a) has limited application. The judge's end of term must fall within the "prescribed" forty-day period to file findings. For example, had Pak filed his request for findings in June 2014, the findings would have been due well before the end of Judge Lowy's term. Thus, while Judge Lowy would be able to file late findings until his last day in office, he would no longer have authority to file findings once his term expired. In such a situation, there would be no judges with power to file findings because no rule permits a successor judge to file findings in such cases.[9]

Therefore, we grant the petition for review and without hearing oral argument, TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment. While we agree that Judge Williams lacked authority to file findings, the court erred by failing to direct Judge Williams to request that Judge Lowy file the findings. We remand to the court of appeals with instructions for it to abate the appeal and direct the trial court to request that Judge Lowy file findings in the case. If the trial court reports that Judge Lowy fails or refuses to file findings as and when requested, the court of appeals may then

---

8. *See, e.g., United Gas Pipe Line Co. v. Helscher*, 259 S.W.2d 735, 736 (Tex. Civ. App.—San Antonio 1953, no writ) ("The Courts of this State have construed this article as meaning that the judge who tried the case must approve the bill of exceptions and statement of facts in a case even though his term of office may expire before he is called upon to do so, and that where a bill of exceptions and statement of facts is approved by his successor in office while he is yet living and available they are not properly authenticated and cannot be considered as a part of the record.") (citing an old codification of section 30.002(a)); *Murray v. Murray*, 350 S.W.2d 593, 598 (Tex. Civ. App.—Dallas 1961, no writ) ("Even if we were to interpret [section 30.002(a)'s predecessor] as merely directory, not mandatory, we would nevertheless be bound to sustain appellant's [contention that error is remediable]. For such [a contrary] interpretation would mean that appellant, through no fault of her own, would be denied the [findings] to which she was entitled under Rules 296 and 297, T.R.C.P.").

9. *See, e.g., Larry F. Smith*, 110 S.W.3d at 616 ("The judge who tried this case did not die, resign, or become disabled during his term on the bench. Furthermore, *the trial court judge's term of office did not expire until almost two years after the end of the court term* during which the case was tried and *more than a year after the period for filing findings of fact and conclusions of law ended*.") (emphases added); *Corpus Christi Hous. Auth. v. Esquivel*, No. 13-10-00145-CV, 2011 WL 2395461, at *1 (Tex. App.—Corpus Christi June 9, 2011, no pet.) (mem. op.) ("But when the trial-court judge has been replaced as a result of an election, the judge's successor who did not participate in the proceedings in the trial court may not make and file the findings.... We take judicial notice that *since the time for filing findings and conclusions expired in this case*, a new judge ... presides over the trial court.") (emphasis added).

remand the case to the trial court for a new trial.