

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00077-CV

---

**THE ESTATE OF PAUL V. BUSH, DECEASED**

---

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2018-781,469, Honorable Ben Webb, Presiding

---

June 18, 2021

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and BRANCHEAU,[1] JJ.

Appellant, Leslie Doggett, appeals from the trial court's *Order Denying Movant's Objection to Admitting Will to Probate*. Pending before this Court is *Appellant's Motion to Abate Appeal and to Direct Trial Court to Make Findings of Fact and Conclusions of Law*. We grant the motion and remand the cause to the trial court for further proceedings.

In October and December of 2020, a bench trial was held in the present case by Ann-Marie Carruth, presiding judge of the County Court at Law No. 3. On February 2, 2021, the trial court issued the above-referenced order. On February 8, appellant timely

---

[1] Honorable Curt Brancheau, Judge, 84th District Court, sitting by assignment.

filed her request for findings of fact and conclusions of law in accordance with Texas Rule of Civil Procedure 296. When the trial court did not issue its findings and conclusions by their due date of February 29, appellant timely filed notice of past due findings of fact and conclusions of law. However, when the subsequent deadline for those findings and conclusions passed on March 22, appellant filed this instant motion with this Court. During this period, Judge Carruth was appointed to the 72nd Judicial District Court and Ben Webb was appointed to County Court at Law No. 3.

If findings of fact and conclusions of law are properly requested, the trial court has a mandatory duty to file them. *Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no writ). The failure to file findings of fact and conclusions of law is presumed harmful, unless the record affirmatively shows that the complaining party suffered no injury. *Id.* An appellant is harmed if there are two or more possible grounds on which the trial court could have ruled, and the appellant is left to guess as to the basis for the trial court's ruling. *Academy Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 739 (Tex. App.—Houston [14th Dist.] 2000, no pet.) The proper remedy when the trial court fails to file findings of fact and conclusions of law is to request the appellate court to abate the appeal with direction to the trial court to correct its error. *AD Villarai, LLC v. Pak*, 519 S.W.3d 132, 136 (Tex. 2017) (per curiam); *see* Tex. R. App. P. 44.4 (requiring appellate courts to direct the trial court to remedy any correctable error that "prevents the proper presentation of a case to the court of appeals").

Upon review of the record, we find that the matters in question are not undisputed and that the record does not affirmatively show that Doggett suffered no injury.

Consequently, we cannot conclude that Doggett suffered no harm from the trial court's failure to issue the requested findings of fact and conclusions of law. *See Hamlett v. Comm'n for Lawyer Discipline*, No. 07-16-00256-CV, 2016 Tex. App. LEXIS 11488, at \*4 (Tex. App.—Amarillo Oct. 24, 2016, order) (per curiam) (remanding for findings where record did not affirmatively show that appellant suffered no harm due to trial court's failure to file the requested findings and conclusions).

While Judge Carruth heard this case and issued the order from which Doggett appeals, we conclude that Judge Carruth was obligated to and did resign from her position as the presiding judge of County Court at Law No. 3. Judge Webb was appointed to fill the vacant position. Rule 18 of the Texas Rules of Civil Procedure allows a successor judge to make findings of fact and conclusions of law when the preceding judge has died, resigned, or become disabled during her term of office. TEX. R. CIV. P. 18; *In re J.D.H.*, No. 05-14-00504-CV, 2016 Tex. App. LEXIS 7638, at \*15 (Tex. App.—Dallas July 18, 2016, no pet.).

Accordingly, we now abate this appeal and remand the cause to the trial court to issue findings of fact and conclusions of law under Texas Rule of Civil Procedure 18. *See* TEX. R. CIV. P. 297; TEX. R. APP. P. 44.4(b). The trial court shall cause its findings and conclusions to be included in a supplemental clerk's record to be filed with the Clerk of this Court no later than Wednesday, July 28, 2021.

Per Curiam