**Affirmed and Memorandum Opinion filed April 28, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00345-CV

## PEGGY ANDERSON, Appellant

## V.

## COLITA D. CAMPBELL, Appellee

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Cause No. 486133**

## M E M O R A N D U M   O P I N I O N

In this probate case, will contestant Peggy Anderson appeals the final order admitting to probate the will signed by her mother, Thelma Pruitt, in favor of Anderson's daughter, Colita Campbell. *See* TEX. EST. CODE § 32.001(c) (authorizing appeal of final order issued by probate court). As grounds for appeal, Anderson states that Campbell moved for no-evidence summary judgment denying the will contest, and although the trial court denied the motion on March 15, 2021, the trial court rendered a final order in Campbell's favor on May 24, 2021. According to Anderson,

there was no basis for the trial court to render the final order in Campbell's favor two months after denying the summary-judgment motion, because there is "no record of a trial" after the trial court denied the motion, and Campbell presented no new evidence after the summary-judgment ruling.

A party can defeat a motion for no-evidence summary judgment by presenting just enough evidence to raise a genuine issue of material fact as to each essential element of the claim or defense challenged in the motion. *See* TEX. R. CIV. P. 166a(i). At trial, on the other hand, the fact finder resolves those questions of fact. Thus, the same evidence that defeated a motion for no-evidence summary judgment may not carry the day at trial.[1]

And there is a record of a trial. The trial court recited in the final order that the will contest was tried to the court without a jury on May 13, 2021, and the reporter's record of the trial is part of the appellate record. Anderson represented herself at trial, presented two witnesses, and cross-examined Campbell's witnesses.

As the fact finder, the trial court determined the witnesses' credibility and resolved any conflicts in the evidence at trial. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819–20 (Tex. 2005). Because findings of fact and conclusions of law were neither issued nor properly and timely requested, we presume the trial court made all of the factual findings necessary to support the final order. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). A party may rebut the presumption by demonstrating that the record evidence does not support the presumed findings. *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (per curiam). Anderson, however, has not done so.

---

[1] Because Anderson's summary-judgment response is not in the record, we do not know if the trial evidence differs from the summary-judgment evidence, but the answer would have no effect on the disposition of this appeal.

We accordingly overrule the sole issue presented and affirm the trial court's final order.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.