# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00133-CV

**Adrienne Marco, Appellant**

**v.**

**Kurt Kirkman, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,
### NO. C-1-CV-22-003352, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## ORDER AND MEMORANDUM OPINION

**PER CURIAM**

Appellant Adrienne Marco challenges the trial court's final judgment after a bench trial. She has filed an unopposed motion to abate this appeal for the entry of findings of fact and conclusions of law that were not issued by the trial court after her timely request for them and her timely notice to the court that they were past due. *See* Tex. R. Civ. P. 296; *id.* R. 297.

"[I]f a court fails to file findings when the facts are disputed, the burden of rebutting every presumed finding can be so burdensome that it effectively 'prevent[s the appellant] from properly presenting its case to the court of appeals or this Court.'" *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (quoting *Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 263 (Tex. 2014) (citing *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam))). Therefore, a trial court's failure to file findings after a timely and proper request is "presumed harmful, unless

'the record before the appellate court affirmatively shows that the complaining party has suffered no injury.'" *Id.* (quoting *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989)). "When the trial court's failure is harmful, the preferred remedy is for the appellate court to direct the trial court to file the missing findings." *Id.* at 136. In light of the presumption, and based on the record before us, we conclude that Marco will be harmed from the trial court's failure to issue findings of fact and conclusions of law and that such findings and conclusions are necessary for a proper presentation of her appeal. *See, e.g.*, *Miller v. Miller*, No. 03-23-00530-CV, 2023 WL 7429333, at *1 (Tex. App.—Austin Nov. 10, 2023, order) (per curiam).

Therefore, we grant the unopposed motion, abate this appeal, and remand this cause to the trial court for the entry of the necessary findings of fact and conclusions of law. We instruct the trial-court clerk to prepare and file a supplemental record containing the findings of fact and conclusions of law within thirty days from the date of this order. We further instruct Marco to file a motion to reinstate the appeal, a motion to extend the abatement, or a report advising us of the status of the case no later than June 24, 2024.

It is ordered on May 24, 2024.


Before Chief Justice Byrne, Justices Triana and Theofanis

Abated and Remanded

Filed: May 24, 2024