# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00731-CV

---

**Andrew Wilburn Russell, Appellant**

**v.**

**Heather Diane Schriber, Appellee**

---

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-000813, THE HONORABLE MADELEINE CONNOR, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

On appeal, Andrew Wilburn Russell appeals the trial court's final order in a suit affecting the parent-child relationship following a bench trial. As a preliminary matter, we consider Russell's complaint that the trial court failed to issue findings of fact and conclusions of law despite his timely filing of both a request and notice of past due findings. *See* Tex. R. Civ. P. 297.

"In any case tried to the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusion of law." *Id.* R. 296. If the court fails to file findings, the court of appeals must presume the trial court made all the findings necessary to support the judgment. *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017). "[I]f a court fails to file findings when the facts are disputed, the burden of rebutting

every presumed finding can be so burdensome that it effectively 'prevent[s the appellant] from properly presenting its case to the court of appeals or the [supreme court]" *Id*. Consequently, a trial court's failure to make findings of fact and conclusions of law after a party has made a timely and proper request is "presumed harmful, unless 'the record before the appellate court affirmatively shows that the complaining party has suffered no injury.'" *Id.* (quoting *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (1989)). "When the trial court's failure is harmful, the preferred remedy is for the appellate court to direct the trial court to file the missing findings." *Id.* at 136. In light of the presumption, and based on the record before us, including the arguments raised in appellant's brief, we conclude that Russell will be harmed from the trial court's failure to issue findings of fact and conclusions of law and that such findings and conclusions are necessary for a proper presentation of his appeal. *See e.g.*, *Marco v. Kirman*, No. 03-24-00133-CV, 2024 Tex. App. LEXIS 3621, at *2 (Tex. App.—Austin May 24, 2024, order) (mem. op.).

Accordingly, we abate this appeal and remand this cause to the trial court for the entry of the necessary findings of fact and conclusions of law. A supplemental record containing the findings and conclusions shall be filed with this Court within thirty days from the date of this order. This appeal will be reinstated after the supplemental clerk's record is filed.

Before Chief Justice Byrne, Justices Kelly and Theofanis

Abated and Remanded

Filed: August 16, 2024

2