

## KEN PAXTON

ATTORNEY GENERAL OF TEXAS

March 5, 2025

The Honorable Bob Hall
Chair, Senate Committee on Administration
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

**Opinion No. KP-0488**

Re: Whether a vote by the board of a school district or governing body of an open-enrollment charter school affirming the existing policy to permit a chaplain to be hired by or volunteer at a school complies with the Eighty-eighth Legislature's Senate Bill 763 (RQ-0553-KP)

Dear Senator Hall:

You ask about the responsibility under recently passed legislation for school district boards of trustees ("school boards") and open-enrollment charter school governing bodies ("charter governing bodies") to vote on whether to adopt a policy that authorizes employee or volunteer chaplains.[1] In particular, you express concern that some "[s]chool districts appear to be skirting" a statutory mandate the Eighty-eighth Legislature included in Senate Bill 763 ("SB 763")[2] and provide as an example specific language from a guidance document issued by the Texas Association of School Boards.[3] Request Letter at 1. Given this concern, you ask whether three hypothetical scenarios would prove noncompliant:

> 1. A vote acknowledging a policy that is silent about prohibiting chaplains from being hired for any position,

---

[1] Letter from Hon. Bob Hall, Chair, S. Comm. on Admin., to Hon. Ken Paxton, Tex. Att'y Gen. at 1–2 (rec'd July 26, 2024), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0553KP.pdf ("Request Letter").

[2] Act of May 24, 2023, 88th Leg., R.S., ch. 1142, 2023 Tex. Gen. Laws 3509, 3509–10.

[3] With this in mind, we generally caution school districts and other governmental entities against relying on legal analysis distributed by legal advocacy groups—like the Texas Association of School Boards—with whom there is no attorney-client relationship that would compel reasonably prudent counsel. Such organizations often base their advice on ideology instead of sound legal principals. Following such unsound advice can incur needless liability, as demonstrated by the variety of successful suits brought by the Office of the Attorney General against school districts in recent years.

> 2. A vote on a policy allowing chaplains to be hired for any open position at a school, and
>
> 3. A vote authorizing a chaplain to be hired for a school chaplain position, as created by SB 763.

*Id.* at 2. Key to your inquiry is that the first two scenarios involve hiring for "any position" and "any open position," respectively, while the third specifically refers to "a school chaplain position." *Id.* You state that the term "chaplain" in this context refers to "a new position created in a new chapter of the Education Code." *Id.* at 1. A brief received in response to your request counters that "[t]he law does not require the creation of any 'new position'—and those words are entirely absent from the statute's text."[4] We therefore focus on whether SB 763 uses the term "chaplain" to reference the substantive title of a new position or a preexisting role unrelated to that for which an individual is hired or volunteers.

**SB 763 directs school boards and charter governing bodies to vote on whether to authorize employee or volunteer chaplains.**

We begin by reviewing relevant portions of SB 763 and the Education Code. Section 1 of SB 763 added Chapter 23 to the Education Code, which contains a single statutory provision. SB 763, *supra*, at 3509 (codified at TEX. EDUC. CODE § 23.001). Section 23.001 of the Education Code states that a school district or open-enrollment charter school "may employ or accept as a volunteer a chaplain to provide support, services, and programs for students as assigned by the board of trustees of the district or the governing body of the school." TEX. EDUC. CODE § 23.001(a). Section 23.001 also makes such institutions responsible for ensuring that the chaplain complies with certain requirements, and it prohibits registered sex offenders from serving as chaplains. *Id.* § 23.001(b)–(c).

Section 2 of SB 763 amended an Education Code provision pertaining to funds for the improvement of school safety and security. SB 763, *supra*, at 3509–10 (codified at TEX. EDUC. CODE § 48.115(b)). In relevant part, funds allocated under Section 48.115 of the Education Code may be used to cover costs associated with "school safety and security measures" that include "the prevention, identification, and management of emergencies and threats, using evidence-based, effective prevention practices." TEX. EDUC. CODE § 48.115(b)(3)(C) (containing a non-exhaustive list of such practices). Those funds may also be used for "providing programs related to suicide prevention, intervention, and postvention, including programs provided by chaplains." *Id.* § 48.115(b)(4).

The provision about which you ask—Section 3 of SB 763—does not amend the Education Code. Rather, it directs school boards and charter governing bodies as follows:

> Each board of trustees of a school district and each governing body of an open-enrollment charter school shall take a record vote not

---

[4] Brief from Brian Klosterboer, Att'y, Am. Civ. Liberties Union Found. of Tex. at 2 (Aug. 19, 2024) (on file with the Op. Comm.) (referring also to individuals who "have likely worked and volunteered in Texas schools for years while also serving as chaplains of various faiths and backgrounds").

> later than six months after the effective date of this Act on whether to adopt a policy authorizing a campus of the district or school to employ or accept as a volunteer a chaplain under Chapter 23, Education Code, as added by this Act.

SB 763, *supra*, at 3510. Neither SB 763 nor relevant portions of the Education Code define "chaplain." *See, e.g.*, TEX. EDUC. CODE § 5.001 ("Definitions").

The absence of a statutory definition requires us to assess the "common, ordinary meaning" of the term "chaplain" by consulting relevant dictionaries and the term's "usage in other statutes, court decisions, and similar authorities." *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 34–35 (Tex. 2017). We must also consider the context in which the term "chaplain" is used and draw from traditional canons of statutory construction, both of which inform the term's usage and meaning. *See, e.g.*, *Greater Hous. P'ship v. Paxton*, 468 S.W.3d 51, 59 (Tex. 2015) (embracing both as tools of construction).

**Dictionary definitions of "chaplain" consistently use the term in reference to a person who provides religiously oriented services for a specified group or organization.**

Relevant sources feature a variety of definitions for the term "chaplain." One authority provides that the term may refer to "a clergyman in charge of a chapel" or "a clergyman appointed to assist a bishop (as at a liturgical function)." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 207 (11th ed. 2019). Another defines the term as "[a] member of the clergy who conducts religious services for an institution, such as a prison or hospital" as well as "[a] member of the clergy attached to a branch of the armed forces." AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 311 (5th ed. 2011). But a chaplain need not be a member of the clergy, as the term may also apply to "[a] lay person who is appointed to provide spiritual leadership and counseling to members of an institution, as at a university." *Id.*

There is, however, a common denominator in each of these definitions; the term "chaplain" ordinarily refers to a person who provides religiously oriented services for a specified group or organization. This suggests that SB 763 uses the term to reference a person who is either employed or volunteers to provide those services for an educational institution. Still, these definitions do not preclude a reading that instead uses "chaplain" to informally describe a generalized title one carries throughout unrelated areas of life or employment. We thus proceed to other sources of meaning.

**Statutes, regulations, and court decisions commonly use "chaplain" to refer to the title of a particular position.**

Traditional usage in other laws, regulations, and court decisions provides additional guidance in construing the term "chaplain." We begin with the use of "chaplain" in subsection 48.115(b), which is one of only two Education Code provisions addressed in SB 763. SB 763, *supra*, at 3509–10. Subsection 48.115(b) specifically refers to chaplains as "mental health personnel" for whom school safety funds may be allocated. TEX. EDUC. CODE § 48.115(b)(3)(C)(ii). That provision also indicates the term's usage as a substantive, education-related title by placing chaplains among an illustrative list of professionals likely to be "trained in

restorative discipline and restorative justice practices." *Id.* § 48.115(b)(3)(C)(i) (listing "licensed counselors, social workers, [and] chaplains"); *see also Finley Res., Inc. v. Headington Royalty, Inc.*, 672 S.W.3d 332, 343 (Tex. 2023) (providing that "when words are associated in a context that suggests they share a common quality, 'they should be assigned a permissible meaning that makes them similar' but consistent with their ordinary meaning" (quoting ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 195 (2012))). The use of chaplain in Section 2 of SB 763 should ultimately prove consistent with that in Section 3. *See Wal-Mart Stores, Inc. v. Xerox State & Loc. Sols., Inc.*, 663 S.W.3d 569, 578 (Tex. 2023) ("In considering the context, there is a presumption of consistent usage: 'A word or phrase is presumed to bear the same meaning throughout a text.'" (quoting READING LAW, *supra*, at 170)).

Statutes and regulations not associated with SB 763 also demonstrate that "chaplain" commonly refers to a named position within a given entity. For example, the Texas Government Code authorizes financial assistance to the survivors of "an individual who is employed or formally designated as a chaplain for" certain firefighting entities, law enforcement agencies, and the Texas Department of Criminal Justice. TEX. GOV'T CODE § 615.003(14). The deferred compensation rules for state employee retirement define a "[p]ublic safety employee" to "include a chaplain" but expressly exclude certain other named positions like "judges" and "guards." 34 TEX. ADMIN. CODE § 87.1(47). The Code of Criminal Procedure authorizes "the chaplains *of* the Department of Corrections"[5] to be present at an inmate's execution. TEX. CODE CRIM. PRO. art. 43.20 (emphasis added). And the Texas Department of Criminal Justice's regulations expressly provide that a spiritual advisor witnessing an execution "must be currently employed as a TDCJ chaplain or have an established ongoing spiritual relationship with the inmate." 37 TEX. ADMIN. CODE § 152.51(c)(1)(D). In each instance, "chaplain" clearly refers to a particular position—consistent with its ordinary usage—suggesting that the term is used similarly in the Education Code.

Section 23.001's statement that school districts and open-enrollment charter schools "may employ or accept as a volunteer a chaplain to provide support, services, and programs for students," TEX. EDUC. CODE § 23.001(a), should also be read in light of similar "may employ" language in other Texas statutes. *See, e.g.*, *Ritchie v. Rupe*, 443 S.W.3d 856, 866–71 (Tex. 2014) (analyzing a term in the Business Organizations Code by looking to other statutory usage elsewhere). Providing that "[a] school district may employ or contract with one or more nonphysician mental health professionals," for example, is not reasonably read to mean that such individuals may be hired for a service unrelated to mental health. *See* TEX. EDUC. CODE § 38.0101. Likewise, stating that higher education boards "may employ private legal counsel to represent the health care professional staff members or students covered by this subchapter under the rules of the board" is naturally read to refer to *legal* representation. *See id.* § 59.05. And imposing a limitation that the Texas Commission on Fire Protection "may employ not more than one attorney" indicates that only one individual may serve as the commission's attorney, not that licensed attorneys are prohibited from being hired for non-legal roles. *See* TEX. GOV'T CODE § 419.0091. So too here: Section 23.001's reference to support, services, and programs is naturally read in reference to the person who provides them. In other words, "support" means chaplain-related support, "services" means chaplain-related services, and "programs" means chaplain-related programs. *Cf.* TEX. EDUC. CODE § 48.115(b)(3)–

---

[5] The Texas Department of Corrections is now known as the Texas Department of Criminal Justice–Institutional Division. *Vasquez v. State*, 67 S.W.3d 229, 235 n.7 (Tex. Crim. App. 2002).

(4) (including chaplains among those who provide "mental health support," "behavioral health services," and "programs related to suicide prevention, intervention, and postvention"). Reading the text to instead mean that a chaplain may provide students with *any* services, support, and programs would divorce the word "chaplain" from its context and traditional usage.

Courts also commonly use "chaplain" to reference a position's substantive title rather than the demographic from which that position is drawn. For example, the Texas Supreme Court decided a case involving a chaplaincy program where "volunteer chaplains must remain members in good standing of a local church" in order "[t]o maintain their positions" with a county jail facility. *Williams v. Lara*, 52 S.W.3d 171, 176 (Tex. 2001). The United States Supreme Court has used "clergyman" to refer to an individual's preexisting role while separately using "chaplain" to reference the substantive title of an individual who performs prayer before a legislative body. *See, e.g.*, *Marsh v. Chambers*, 463 U.S. 783, 793 (1983) (discussing whether "choosing a clergyman of one denomination advances the beliefs of a particular church" while observing that "guest chaplains have officiated at the request of various legislators"). The Court also recounted that "[t]he First Congress made it an early item of business to appoint and pay official chaplains," later "reevaluated the practice of official chaplaincies," and ultimately maintained the "office" of chaplain since the founding. *Town of Greece, N.Y. v. Galloway*, 572 U.S. 565, 575–76 (2014). The long-established convention of using "chaplain" to reference a substantive position further bolsters construing Section 3 of SB 763 in a similar manner.

**The grammatical context in which "chaplain" is used in SB 763 indicates that the term refers to the official title for a substantive position at a school district or open-enrollment charter school.**

We also consult the grammatical context in which "chaplain" appears. *See Tex. Health Presbyterian Hosp. of Denton v. D.A.*, 569 S.W.3d 126, 132 (Tex. 2018) (recognizing that "grammar rules can be crucial to proper construction"); *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 441 (Tex. 2011) ("Language cannot be interpreted apart from context."). Section 23.001 states that school districts and open-enrollment charter schools "may employ or accept as a volunteer a chaplain *to provide* support, services, and programs for students." TEX. EDUC. CODE § 23.001(a) (emphasis added). The words "to provide" serve as an infinitive phrase, which expresses the specific purposes for which a chaplain may be employed or accepted as a volunteer—namely, providing student-related "support, services, and programs" as a chaplain. *See, e.g.*, *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 993 F.3d 393, 396 (5th Cir. 2021) ("An infinitive phrase expresses purpose."). No other purposes are implicated by the statute, and thus Section 23.001 does not countenance employment or volunteer acceptance "for any position" or "for any open position at a school."[6] *See* Request Letter at 2.

---

[6] Relevant statutory headings also confirm the contextual meaning of "chaplain" as the title for an education-related position. *See Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 138 (Tex. 2017) (per curiam) ("The title and headings are permissible indicators of meaning." (quoting READING LAW, *supra*, at 221)). Both Chapter 23 and Section 23.001 are titled "School Chaplains," and the subtitle containing Chapter 23 is titled "Educators and School District Employees and Volunteers." This further indicates that Chapter 23 substantively pertains to those three statuses.

**Section 3 of SB 763 requires a record vote for a school chaplain position.**

With this backdrop in mind, we return to your three hypothetical resolutions. *See id.* The sources of both syntactic and semantic meaning discussed above uniformly suggest that SB 763 uses "chaplain" to mean a substantive position within a school district or open-enrollment charter school. The alternative conception of this term—that "chaplain" serves as a general, demographic reference—inappropriately subverts the fair reading of SB 763 for a "hyperliteral" construction. READING LAW, *supra*, at 356. But employing such "sterile literalism . . . loses sight of the forest for the trees" and "is not a doctrine to be taken seriously." *Id.* (quoting *N.Y. Tr. Co. v. Comm'r*, 68 F.2d 19, 20 (2d Cir. 1933) (L. Hand, J.), *aff'd sub. nom.*, *Helvering v. N.Y. Tr. Co.*, 292 U.S. 455 (1934)). We therefore conclude a vote that either acknowledges a policy's silence about hiring a "chaplain" for "any position" or "allow[s] chaplains to be hired for any open position" would fail the requirements of Section 3 of SB 763. *See* Request Letter at 2. By contrast, a vote on whether to authorize a school district or open-enrollment charter school to hire "for a school chaplain position" would comply with Section 3. *See id.*

**S U M M A R Y**

Section 3 of Senate Bill 763, enacted by the Eighty-eighth Legislature, directs the board of trustees of a school district and governing body of an open-enrollment charter school to vote on whether to authorize employee or volunteer chaplains. The term "chaplain" refers to the official, substantive title for a particular position with a school district or open-enrollment charter school. The support, services, and programs authorized must be related to the individual's role as a school chaplain.

Ultimately, a school board or charter governing body does not comply with Section 3 by voting on whether to authorize hiring certain individuals for "any position" or "any open position" but does comply by voting on whether to authorize hiring "for a school chaplain position."

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

JOSHUA C. FIVESON
Chair, Opinion Committee

J. AARON BARNES
Assistant Attorney General, Opinion Committee