# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00738-CV

---

### D. F. and W. C., Appellants

### v.

### Texas Department of Family and Protective Services, Appellee

---

## FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
## NO. 24-0069-CPSC1, THE HONORABLE JOHN MCMASTER, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In this appeal, Appellant D.F. complains that the trial court failed to make required findings with specificity in its order terminating parental rights.

Texas Family Code subsections 161.001(f) and (g) provide that:

(f) In a suit for termination of the parent-child relationship filed by the Department of Family and Protective Services, the court may not order termination of the parent-child relationship under Subsection (b)(1) unless the court finds by clear and convincing evidence and describes in writing with specificity in a separate section of the order that:

(1) the department made reasonable efforts to return the child to the parent before commencement of a trial on the merits and despite those reasonable efforts, a continuing danger remains in the home that prevents the return of the child to the parent; . . .

(g) In a suit for termination of the parent-child relationship filed by the Department of Family and Protective Services in which the department made reasonable efforts

to return the child to the child's home but a continuing danger in the home prevented the child's return, the court shall include in a separate section of its order written findings describing with specificity the reasonable efforts the department made to return the child to the child's home.

Tex. Fam. Code § 161.001(f), (g).

The trial court ordered the termination of the parent-child relationship under subsection (b)(1) and thus its order must comport with subsections (f) and (g). However, the termination order lacks written findings describing with specificity the reasonable efforts the Department made to return the children to their home. *See id.* § 161.001(g).

Therefore, we abate this cause and remand it to the trial court to enter the required findings with sufficient specificity concerning the Department's reasonable efforts to return the children to their home. *See id.*; Tex. R. App. P. 44.4 (prohibiting court of appeals from affirming or reversing judgment if "trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case" on appeal and "the trial court can correct its action or failure to act"); *see also Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 136 (Tex. 2017) ("When the trial court's failure [to file findings] is harmful, the preferred remedy is for the appellate court to direct the trial court to file the missing findings.").

These findings must be included in a supplemental clerk's record to be forwarded to this Court on or before Tuesday, January 20, 2026. Upon this Court's receipt of the supplemental clerk's record, the Court will automatically reinstate the appeal without further order.

It is so ordered on January 8, 2026.

Before Chief Justice Byrne, Justices Theofanis and Crump

Abated and Remanded

Filed:   January 8, 2026