# Supreme Court of Texas

No. 25-1084

In the Interest of D.T. and M.B.M.V. a/k/a M.V., Children

On Petition for Review from the
Court of Appeals for the First District of Texas

~ *and* ~

No. 25-1103

In the Interest of L.J.K., a Child

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

~ *and* ~

No. 25-1159

In the Interest of K-K.J.B., a Child

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

*~ and ~*

No. 26-0287

In the Interest of E.J.S., a Child

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

*~ and ~*

In the Interest of M.H., a Child

On Petition for Review from the
Court of Appeals for the First District of Texas

JUSTICE SULLIVAN, joined by Justice Young, concurring in the denial of the petitions for review.

In each of these five cases, the parents didn't spot, let alone preserve, any reversible error. Yet the same glaring deficiency is present in each case: The district court didn't make all the findings necessary to terminate parental rights.

Section 161.001(f) of the Family Code prohibits a court from terminating parental rights unless it first makes certain findings. Specifically, the court must find by clear and convincing evidence that (absent aggravated circumstances) the Department of Family and Protective Services "made reasonable efforts to return the child to the parent before commencement of a trial on the merits and despite those reasonable efforts, a continuing danger remains in the home that prevents the return of the child to the parent." Tex. Fam. Code § 161.001(f)(1). In making those findings, the court must describe the reasonable efforts "with specificity" in "a separate section of its [termination] order." *Id.* § 161.001(g); *see also id.* § 161.001(f).

Section 161.001(f) had been in effect for over a year and a half when the district courts rendered the five termination orders at issue here. *See* Act of May 25, 2023, 88th Leg., R.S., ch. 675, §§ 7–8, 2023 Tex. Gen. Laws 1644, 1645. All five of the cases were commenced after its effective date. *See id.*[1] The courts therefore had to follow the new statutory requirement. They didn't.

Start with the Bexar County case. *See* No. 04-25-00489-CV, 2025 WL 3223754 (Tex. App.—San Antonio Nov. 19, 2025). The district court said nothing at all about reasonable efforts. It appears the court simply used an outdated version of the standard-form termination order.

The rest of the cases—all from Harris County—include identically *wrong* findings. True, the orders referenced the correct substantive findings: "The Court finds that [DFPS] made reasonable efforts to return the child[ren] to the parent before commencement of a trial on the merits and despite those reasonable efforts, a continuing danger remains in the home that prevents the return of the child[ren] to the parent."

But that isn't enough anymore. Section 161.001(g) says that an order must include a "separate section . . . describing with specificity the reasonable efforts [DFPS] made to return the child to the child's home." Tex. Fam. Code § 161.001(g).[2] Copying and pasting the legal standard

---

[1] *In re K-K.J.B.* is a modification suit seeking termination of the father's rights that was filed in late 2023 after Section 161.001(f) went into effect. The original suit, which resulted in termination of the mother's rights, was filed in 2021. A modification suit is a suit affecting the parent–child relationship, so it's governed by the new law despite its 2021 cause number. *See id.*

[2] That wasn't the only problem. None of the orders said whether the findings were "by clear and convincing evidence," as required, *see id.*

4

into an order doesn't qualify as "specificity." That error made termination improper because a "court may not order termination of the parent-child relationship . . . unless the court . . . describes [the applicable finding] in writing with specificity in a separate section of the order." *Id.* § 161.001(f). Had that error been preserved, in my view, we'd likely have to reverse and remand for a new trial, *see Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 136 (Tex. 2017) (per curiam), or at the very least vacate in part and remand for the district court to render an amended judgment making those findings (assuming the record contained sufficient evidence to support them).[3]

---

§ 161.001(f), or by another standard, *see id.* § 105.005. A district court shouldn't bank on an appellate court's generosity by assuming that it'll imply a heightened standard of proof on the district court's behalf. That's especially true when talking about orders that expressly said "clear and convincing evidence" for every other finding subject to a heightened standard.

[3] This would differ from the remedy for missing findings of fact in ordinary civil cases. Normally, a trial court must make findings of fact and conclusions of law only if a party requests them *after* the court renders judgment. *See* Tex. R. Civ. P. 297. Because the findings are filed "separate and apart from the judgment," *id.* 299a, their omission can be corrected without vacating the judgment, *see Ad Villarai*, 519 S.W.3d at 135–36. But because the termination statute modifies the normal process by requiring findings to be in the order itself, a court can correct a missing finding only by modifying the order. *See* Tex. Fam. Code § 161.001(f) (requiring a court to describe the findings "in a separate section of the order"); *id.* § 161.001(g) ("[T]he court shall include in a separate section of its order written findings . . . ."). *But see D.F. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-25-00738-CV, 2026 WL 59729, at *1 (Tex. App.—Austin Jan. 8, 2026, pet. filed) (per curiam) (applying the ordinary rule for missing findings of fact without considering whether the unique language of Section 161.001(f)–(g) requires a different procedure).

5

\*　　\*　　\*

Because the Section 161.001(f) error wasn't preserved in any of these cases, I concur in the Court's decision to deny review. But ignoring statutory requirements for orders that permanently sever one of the most important relationships recognized by law is a recurring problem for our State's family courts. I write separately to remind them to pay careful attention to statutes—especially the ones that tell them how to do their jobs.

James P. Sullivan
Justice

**OPINION FILED:** June 5, 2026

6