**In re GREEN OAKS HOSPITAL SUBSIDIARY, L.P. d/b/a Green Oaks Hospital, Relator.**

No. 05–09–00232–CV.

Court of Appeals of Texas, Dallas.

Sept. 8, 2009.

Rehearing Overruled Oct. 13, 2009.

454

Sherri Turner Alexander, Angela R. Joyce, Bell Nunnally & Martin, LLP, Dallas, TX, for Relator.

Michael Elgin McLelland, Assistant Public Defender, Deborah Farris, Douglas A. Barnes, Attorney at Law, Johnny Getum, Katherine A. Drew, Dallas County Public Defender's Office, Melanie Barton, Assistant District Attorney, Todd Keith Sellars, Assistant District Attorney, Dallas, TX, for Real Party In Interest.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION

Opinion By Justice O'NEILL.

In this original proceeding, relator Green Oaks Hospital Subsidiary, L.P. d/b/a Green Oaks Hospital (Green Oaks) contends the trial court entered numerous illegal judgments assessing costs against it. Green Oaks contends we should grant mandamus relief because the trial court clearly abused its discretion and because it has no adequate remedy at law. For the following reasons, we agree with Green Oaks and conditionally grant the writ.

Green Oaks is a mental health facility that provides in-patient psychiatric care to patients committed under the Texas Health and Safety Code. Green Oaks, although a private facility, has contracted with Dallas County to accept all patients that local law enforcement and other officials believe are mentally ill and pose a danger to themselves or others. At Green Oaks, the patients are evaluated. If a patient is determined to suffer from mental illness, and to evidence a substantial risk of serious harm to themselves or others, the State commences involuntary commitment proceedings. These proceedings are prosecuted by the Dallas County District Attorney. Following a hearing, the trial court determines whether to enter a judgment of commitment and, if so, designates a facility for commitment.

This Court has before it sixty-one such judgments committing various individuals to Green Oaks. In these judgments, the trial court ordered Green Oaks, who was not a party to the commitment proceedings, to pay all court costs, including the attorneys' fees for the patient's court-appointed counsel. The trial court is continuing to enter these orders on a regular

basis with each new commitment to Green Oaks. Green Oaks has filed a writ of mandamus asserting the trial court had no authority to render a judgment for costs against it.

 To be entitled to mandamus relief, a relator must generally show both (1) the trial court clearly abused its discretion, and (2) it has no adequate remedy by appeal. *In re Prudential In. Co. of Am.,* 148 S.W.3d 124, 135 (Tex.2004). If an order is void, however, a relator need not show it does not have an adequate remedy to be entitled to mandamus relief. *In re Suarez,* 261 S.W.3d 880, 882 (Tex.App.-Dallas 2008, orig. proceeding).

In its petition for writ of mandamus, Green Oaks contends the trial court clearly abused its discretion in ordering it to pay for the court-appointed attorneys' fees and other court costs because it was not a party to any of the involuntary commitment proceedings. We agree.

 To issue a binding judgment against a party, a court must possess personal jurisdiction over that party. *See CSR Ltd. v. Link,* 925 S.W.2d 591, 594 (Tex.1996); *Bird v. Kornman* 152 S.W.3d 154, 160 (Tex.App.-Dallas, 2004). Such personal jurisdiction is invoked by the party's appearance before the court, or by the lawful service of process upon the party. *Bird,* 152 S.W.3d at 154; *TAC Am., Inc. v. Boothe,* 94 S.W.3d 315, 318–19 (Tex.App.-Austin 2002, no pet.); *see* Tex. Rs. Civ. P. 120, 124. Without personal jurisdiction over a party, the trial court has no jurisdiction to enter a judgment against it. *Bird,* 152 S.W.3d at 154; *see Mapco, Inc. v. Carter,* 817 S.W.2d 686, 687 (Tex.1991) (error to enter judgment against entity never made a party); *Fuqua v. Taylor,* 683 S.W.2d 735, 738 (Tex.App.-Dallas 1984, writ ref'd n.r.e) (judgment may not be granted in favor of a party not named in the suit as a plaintiff or a defendant).

More specifically, a trial court cannot order a nonparty to pay costs. *County of Dallas v. Gibbs*, 525 S.W.2d 500, 501 (Tex. 1975); *State v. B & L Landfill*, 758 S.W.2d 297, 299 (Tex.App.-Houston [1st. Dist.] 1988, no pet.). A judgment entered without jurisdiction over a party is void. *Mapco Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990).

█ Green Oaks was not a party to these commitment proceedings. It was not served with process, was not represented by counsel and did not otherwise appear. Consequently, the trial court had no personal jurisdiction over Green Oaks and therefore had no jurisdiction to render a judgment against it. Instead of showing how the trial court has jurisdiction over Green Oaks, real parties in interest[1] direct this Court to various provisions of the health and safety code that they assert impose liability on Green Oaks for costs. Whether any such liability does or does not exist is not the issue, however. The controlling issue is whether the trial court can render judgment imposing such liability against an entity over which it has no jurisdiction. It cannot.

█ In reaching this conclusion, we necessarily reject the real parties contention the health and safety code authorized the trial court to render the judgment for costs against Green Oaks. Real parties in interest concede that generally the costs for mental health commitments brought in Dallas County must be paid by Dallas County, who can then seek reimbursement from the patient or his estate. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018(d) (Vernon 2003). However, they assert that in this case, because the trial court committed the patients to a private facility, the private facility must pay legal costs of commitment, including the court-appointed attorney. They rely on various provisions of the health and safety code that concern assessment of costs in mental health cases. The first provision relied on is a provision that prohibits the State or County from paying costs for commitments to private facilities. Under section 571.018(h) of the health and safety code, a County may not pay any costs for a patient committed to a private mental hospital unless (1) a public facility is not available, and (2) the commissioners court of the county authorizes the payment, if appropriate. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018(h) (Vernon 2003). The primary gist of this argument is that, since the County cannot be required to pay attorney fees and court costs, Green Oaks can. Regardless of what section 571.018 says about the County's obligation to pay, it does not speak to a private hospital's liability for such costs. Thus, section 571.018 does not impose liability on Green Oaks. Moreover, even if it did, it certainly does not allow the trial court to enter judgment against a nonparty over which it has no jurisdiction.

█ Real parties in interest also suggest section 571.018(j) "indirectly appears to authorize" assessment of costs against certain mental health facilities. Subsection (j) requires the county clerk to refund any costs paid by a private facility if such costs "have been paid or advanced" and the facility has not been compensated for treatment of the patient. According to the County, this provision establishes the health and safety code contemplated private facilities being required to pay court costs. We disagree. This section merely recognizes that a private facility may well choose to pay or "advance" such fees when

---

1. The real parties in interest are Dallas County and the attorneys who were awarded attorneys fees in the judgments.

seeking to have patients admitted to its care. If it does so, subsection (j) allows it to seek reimbursement from the County under limited circumstances. It does not impose liability.

■ Next, real parties rely on provisions concerning filing fees to support the cost order in this case. Section 118.055 of the Texas Local Government Code requires the person executing the application for mental health services to pay the filing fee, which includes mental health commitment costs, if the commitment concerns services provided or to be provided in a private facility. TEX. LOCAL GOV'T CODE ANN. § 118.055(c) (Vernon 2008). Section 118.055 concerns filing fees paid at the time an action is filed. The consequence of refusing to pay such a filing fee would be the clerk's refusal to file the application. The provision does not provide a mechanism for entering a judgment against a nonparty. Moreover, most of the applications in this case were not filed by Green Oaks or even employees of Green Oaks. Further, as we construe section 118.055(c), we believe it only requires the applicant to pay costs if the applicant specifically requests placement in a private facility. The applications before us did not request placement at Green Oaks. We conclude section 118.055 does not impose liability upon Green Oaks.

■ Finally, real parties rely on rule of civil procedure 141 as authority for assessing costs against Green Oaks. Rule 141 allows a trial court, for good cause, to adjudge costs otherwise than as provided by "law or these rules." TEX.R. CIV. P. 141. We cannot agree that rule 141 gives a trial court authority to enter a judgment against entities over which it has no jurisdiction. Instead, rule 141 merely allows a court to impose costs against parties that are actually before it in a manner different than as otherwise provided by the rules.

■ Because the trial court had no jurisdiction over Green Oaks, the portion of the judgments awarding costs against it are void. Thus, Green Oaks is entitled to mandamus relief without a further showing it has no adequate remedy at law. *See In re Suarez*, 261 S.W.3d 880, 882 (Tex. App.-Dallas 2008, pet. denied). Moreover, we conclude even if Green Oaks is required to show it has no adequate remedy at law, we conclude it has done so. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins.*, 148 S.W.3d at 135. When the benefits outweigh the detriments, we must consider whether the appellate remedy is adequate. There is no formulaic rule to determine whether an appeal is an adequate remedy, rather the determination is practical and prudential. *Id.* at 136. Whether an appellate remedy is "adequate" so as to preclude mandamus review depends heavily on the circumstances presented and is better guided by general principles than by simple rules. *Id.* at 137. The word "adequate" is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. *Id.* at 136.

After reviewing the facts and circumstances of this case, we conclude Green Oaks does not have an adequate remedy at law. Here, unlike most mandamus actions, Green Oaks is not seeking review of an interlocutory ruling or order, thus many of the detriments associated with mandamus review are not implicated. The trial court has entered over sixty judgments against Green Oaks over a period of just a few months, and continues to do so. The judgments each require Green Oaks to pay from between $75 to $160 in attorneys fees and any other "court costs."

Requiring Green Oaks to separately appeal each judgement, and pay a $175 filing fee in each case, is neither practical nor prudent. We conclude Green Oaks does not have an adequate remedy at law.

We conditionally grant the petition for writ of mandamus. We direct the trial court to vacate the portions of the complained-of judgments assessing costs against Green Oaks within thirty days' of the date of this order. A writ will issue only in the event the trial court fails to do so.