

KEN PAXTON

ATTORNEY GENERAL OF TEXAS

March 8, 2024

The Honorable Charles Perry
Chair, Senate Committee on Water, Agriculture, & Rural Affairs
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

**Opinion No. KP-0460**

Re: Whether the refund of court costs required by Health and Safety Code subsection 571.018(j) is limited to patients who are committed to a mental health facility (RQ-0515-KP)

Dear Senator Perry:

You inquire whether the refund of court costs under Health and Safety Code subsection 571.018(j) is limited to hearings and proceedings involving commitment.[1] You tell us "that some local authorities are attempting to limit the scope of refunds to only those persons who are *committed* to a mental health facility." Request Letter at 1. You suggest this perceived limitation may stem from subsection 571.018(h). *Id.* To address the proper scope of subsection 571.018(j), we begin by reviewing the overall statutory framework in which section 571.018 is situated.

**Health and Safety Code section 571.018 sets out the procedures to pay for costs under the Texas Mental Health Code.**

Section 571.018 is located in subtitle C of Title 7 of the Health and Safety Code, which is the Texas Mental Health Code (the "Code"). TEX. HEALTH & SAFETY CODE § 571.001 (establishing a short title for subtitle C). The Code consists of chapters 571–579 and is intended "to provide to each person having severe mental illness access to humane care and treatment . . . ." *Id.* § 571.002. Chapter 571 contains the Code's general provisions. *See generally id.* §§ 571.001–.026. Within chapter 571, section 571.018 provides a framework for the payment of certain costs.[2] *Id.* § 571.018. In general, counties bear many of the costs for such hearings and proceedings. *Id.* § 571.018(a)–(b), (f); *but see id.* § 571.018(d) (entitling counties to reimbursement from a patient

---

[1]*See* Letter from Honorable Charles Perry, Chair, Senate Comm. on Water, Agric., & Rural Affairs, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Oct. 5, 2023), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2023/RQ0515KP.pdf ("Request Letter").

[2]Subsection 571.018(c) provides several examples of what constitutes "costs" under section 571.018. TEX. HEALTH & SAFETY CODE § 571.018(c).

or those liable for the patient's support in a Department of State Health Services mental health facility), 571.018(e) (assigning responsibility to the State for paying certain costs related to patient transport).

Where its conditions are met, subsection 571.018(j) also requires payment from a county. *See In re Green Oaks Hosp. Subsidiary, L.P.*, 297 S.W.3d 452, 456–57 (Tex. App.—Dallas 2009, no pet.) (stating that the predecessor to subsection 571.018(j) "recognizes that a private facility may well choose to pay or 'advance'" court costs and "allows it to seek reimbursement *from the County* under limited circumstances" (emphasis added)). Specifically, subsection 571.018(j) directs a judge to order the refund of court costs paid or advanced by certain inpatient mental health facilities:

> (j) The judge of a court conducting a hearing or proceeding under this subtitle shall order the clerk of the court to refund court costs paid or advanced for a person by an inpatient mental health facility as defined under Section 571.003(9)(A), (B), (D), or (E) on the filing of an affidavit with the clerk of the court certifying that:
>
> > (1) the facility has received no compensation or reimbursement for the treatment of the person;
> >
> > (2) the facility provided treatment for the person under a contract with a local mental health authority; or
> >
> > (3) the facility provided treatment for the person and only received reimbursement under Medicaid.

TEX. HEALTH & SAFETY CODE § 571.018(j). Relevant to your inquiry, one category of "inpatient mental health facility" that is subject to subsection 571.018(j) is "a private mental hospital licensed by the [Department of State Health Services][.]" *Id.* §§ 571.018(j), .003(9)(B).

Subsection 571.018(h) prohibits making certain payments to private mental hospitals,[3] as follows:

> (h) The state or a county may not pay any costs for a patient committed to a private mental hospital, other than a filing fee or other cost associated with a hearing or proceeding under this subtitle, unless:
>
> > (1) a public facility is not available; and

---

[3]For purposes of the Code, a "[p]rivate mental hospital" is "a mental hospital operated by a person or political subdivision." TEX. HEALTH & SAFETY CODE § 571.003(20). A "[m]ental hospital" is either "operated primarily to provide inpatient care and treatment for persons with mental illness" or "operated by a federal agency that is equipped to provide inpatient care and treatment for persons with mental illness." *Id.* § 571.003(13).

> (2) the commissioners court of the county authorizes the
> payment, if appropriate.

*Id.* § 571.018(h). There is thus some overlap between subsection 571.018(h) and subsection 571.018(j), as a county paying for costs that involve a private mental hospital could implicate both subsections. *See id.* § 571.018(h), (j).

**Nothing in subsection 571.018(j) limits the refunds of court costs to hearings and proceedings involving commitment.**

Where its other requirements are met, subsection 571.018(j) requires that "court costs" be refunded. *Id.* § 571.018(j). Subsection 571.018(j) contains no language providing that an individual be "committed." *Id.* Rather, the provision directs the refund of "court costs paid or advanced for *a person*" without regard to commitment. *Id.* (emphasis added). Similarly, subsection 571.018(j) requires an affidavit certifying that "the person" received treatment. *Id.* Again, that requirement does not stipulate that "the person" must have been committed. A court "must take the Legislature at its word, respect its policy choices, and resist revising a statute under the guise of interpreting it." *Christus Health Gulf Coast v. Aetna, Inc.*, 397 S.W.3d 651, 654 (Tex. 2013). When a provision is silent, courts have long recognized that "[t]o supply omissions transcends the judicial function." *In re Ford Motor Co.*, 442 S.W.3d 265, 281 (Tex. 2014) (quoting *Iselin v. United States*, 270 U.S. 245, 250 (1926)). Accordingly, a court would be unlikely to construe subsection 571.018(j) to limit the refund of court costs to only committed persons.[4]

**The reference to committed patients in subsection 571.018(h) does not limit the scope of refunds under subsection 571.018(j).**

As previously noted, you presume that interpretations limiting the application of subsection 571.018(j) to instances involving committed persons derive from importing the limitation found in subsection 571.018(h).[5] Request Letter at 1. Indeed, subsection 571.018(h) features the only

---

[4]Relying on Government Code subsection 311.023(5), briefing received by our office cautions that our construction may contravene the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"). Brief from Max Renea Hicks, Att'y at Law at 6–7 (Oct. 25, 2023) (on file with the Op. Comm.). Specifically, the briefer questions "whether it would be consistent with EMTALA for the inpatient facility to receive payment" for treating individuals that are not committed and "whether the county would be acting consistently with EMTALA in making the payments." *Id.* at 6. EMTALA features an express preemption provision that states it "do[es] not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section." 42 U.S.C. § 1395dd(f). The briefer does not explain how a county refunding costs for treating non-committed individuals "directly conflicts" with EMTALA. Furthermore, when, as here, the statute's text is unambiguous, the Texas Supreme Court has cautioned against "nontextual purposivism and consequentialism winked at in [subsection 311.023(5) of] the Code Construction Act." *BankDirect Cap. Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 85 (Tex. 2017). Accordingly, EMTALA provides no assistance in construing Health and Safety Code section 571.018.

[5]You do not identify any other basis for construing subsection 571.018(j) to be limited to hearings and proceedings involving commitment. *See generally* Request Letter at 1–2. One brief we received contends that subsection 571.018(j)'s requirement that the inpatient mental health facility's affidavit state that it provided "treatment" serves to impose such limitations. *See* Brief from John B. Dahill, Exec. Dir. & Gen. Couns., Tex. Conf.

(continued…)

mention of an individual being "committed" in the whole of section 571.018. *See* Tex. Health & Safety Code § 571.018(h). We thus examine subsection 571.018(h) to determine whether the phrase "a patient committed" serves to limit the scope of subsection 571.018(j).

While other portions of section 571.018—including subsection 571.018(j)—require a county to pay costs, subsection 571.018(h) instead prohibits certain payments. Specifically, "a county may *not* pay any costs" that fall within the scope of the prohibition "unless" two specific requirements are met. *Id.* (emphasis added). The phrase "a patient committed to a private mental hospital" thus establishes the scope of the prohibition against payments. To be prohibited, a payment must involve both a private mental hospital and a committed patient. Subsection 571.018(h) has no application where other medical facility types are involved or if commitment is not implicated. Because this language in subsection 571.018(h) limits the scope of *prohibited* payments, it provides no textual support for limiting the scope of *required* payments under subsection 571.018(j).

Moreover, subsection 571.018(h) excepts "a filing fee or other cost associated with a hearing or proceeding under" the Code from its payment prohibition. *Id.* Such costs include the "court costs" to be refunded pursuant to subsection 571.018(j). *See id.* § 571.018(i) (expressly stating that "costs associated with a hearing or proceeding under this subtitle" include "court costs"); *see also Horseshoe Bay Resort, Ltd. v. CRVI CDP Portfolio, LLC*, 415 S.W.3d 370, 384 n.7 (Tex. App.—Eastland 2013, no pet.) (stating that, when construing statutes, "a word or phrase is presumed to bear the same meaning throughout a text"). Therefore, subsection 571.018(h)'s prohibition against payment does not apply to "court costs" refunded under subsection 571.018(j). That subsection 571.018(h) does not prohibit the refund of court costs under subsection 571.018(j) lends further support to the conclusion that any limiting language in the former does not apply to the latter. Accordingly, a court would likely conclude that subsection 571.018(h) does not limit the scope of subsection 571.018(j) to hearings and proceedings involving commitment.

---

of Urban Counties at 1 (Nov. 2, 2023) (on file with the Op. Comm.). However, not all hearings and proceedings conducted under the Code involve commitment. For example, "a proceeding" may be conducted under chapter 572, which pertains to voluntary mental health services. *See* Tex. Health & Safety Code § 571.0165(a) (referring to "a proceeding" under various chapters, including chapter 572). A person voluntarily admitted under chapter 572 may receive "treatment." *See id.* §§ 572.001(e) (requiring a request for admission to include consent for "treatment"), 572.0025(f) (setting forth limitations for a prospective voluntary patient's "treatment"), 572.003(b)(1) (providing a voluntarily admitted person the right "to be reviewed periodically to determine the person's need for continued inpatient treatment"). We therefore cannot construe the use of the word "treatment" in subsection 571.018(j) to limit that provision's application to only those hearings and proceedings involving commitment.

## S U M M A R Y

Health and Safety Code subsection 571.018(j) requires court costs paid or advanced by certain inpatient mental health facilities to be refunded where its statutory requirements are met. Health and Safety Code subsection 571.018(h) generally prohibits the State and counties from paying costs for a patient committed to a private mental hospital unless its statutory requirements are met. Subsection 571.018(h) excepts some costs associated with certain hearings and proceedings from its general prohibition against payment. Nothing in either subsection limits the scope of subsection 571.018(j) to only court costs concerning individuals that have been committed. Accordingly, refunds under subsection 571.018(j) are not limited to only those hearings or proceedings involving commitment.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

J. AARON BARNES
Assistant Attorney General, Opinion Committee