

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 13, 2024

The Honorable John Creuzot
Dallas County District Attorney
500 Elm Street, Suite 6300
Dallas, Texas 75202

**Opinion No. KP-0464**

Re: Construction of Health & Safety Code section 571.018 with respect to payment of court filing fees and costs in a civil mental health commitment case (RQ-0521-KP)

Dear Mr. Creuzot:

You pose three interrelated questions, each with numerous subparts, regarding the payment of certain costs under the Texas Mental Health Code.[1] Your questions involve two fundamental legal concerns: 1) *who* must pay the filing fee for an application for court-ordered mental health services; and 2) *when* the filing fee must be paid. *See generally* Request Letter at 1–8. You frame your questions with respect to particular subsections of Health and Safety Code section 571.018. *See generally id.* at 1, 3–6 (referring to subsections 571.018(h) and 571.018(i)). Before we consider the scope of these subsections, we review section 571.018 and the statutory framework within which it is situated.

### Costs Related to an Application for Court-Ordered Mental Health Services

Subtitle C of Title 7 of the Health and Safety Code is the Texas Mental Health Code (the "Code"). TEX. HEALTH & SAFETY CODE § 571.001 (establishing the short title for subtitle C). The Code consists of chapters 571–579. *See generally id.* §§ 571.001–579.209. Chapters 571 and 574 are particularly relevant to your inquiry. Chapter 574 governs applications for court-ordered mental health services. *See generally id.* §§ 574.001–.203. Such applications may be filed by a county attorney, district attorney, or any "other adult." *Id.* § 574.001(a). Chapter 571 contains the Code's general provisions. *See generally id.* §§ 571.001–.026. Within chapter 571, section 571.003 defines several important terms as they are used in the Code. *Id.* § 571.003. You ask specifically about section 571.018, which provides for the payment of costs. Request Letter at 2; TEX. HEALTH & SAFETY CODE § 571.018.

---

[1]*See* Letter from Honorable John Creuzot, Dallas Cnty. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 7–8 (Nov. 10, 2023), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request /2023/RQ0521KP.pdf ("Request Letter").

Generally, section 571.018 makes "the county" responsible for paying "costs for a hearing or proceeding under" the Code.[2] TEX. HEALTH & SAFETY CODE § 571.018(a)–(b). It lists specific items that are included as costs under the Code. *Id.* § 571.018(c). Section 571.018 requires the State to pay certain transportation costs. *Id.* § 571.018(e). And it contains provisions relating to the "reimbursement" of "costs actually paid by the county" and the "refund" of "court costs paid or advanced for a person by" certain facilities. *Id.* § 571.018(d), (j). Particularly relevant to your questions are subsections (h) and (i), which state:

> (h) The state or a county may not pay any costs for a patient committed to a private mental hospital, other than a filing fee or other cost associated with a hearing or proceeding under this subtitle, unless:
>
> (1) a public facility is not available; and
>
> (2) the commissioners court of the county authorizes the payment, if appropriate.
>
> (i) The county may not require a person other than the patient to pay any costs associated with a hearing or proceeding under this subtitle, including a filing fee or other court costs imposed under Chapter 118, Local Government Code, Chapter 51, Government Code, or other law, unless the county first determines that:
>
> (1) the costs relate to services provided or to be provided in a private mental hospital; or
>
> (2) the person charged with the costs is a person or estate liable for the patient's support in a department mental health facility.

*Id.* § 571.018(h)–(i). With this framework in mind, we first address who is responsible for paying the filing fees associated with an application for court-ordered mental health services.

---

[2]Subparts 571.018(a)(1) and (2) determine the responsible county based on the initiation of emergency detention proceedings or various court orders. TEX. HEALTH & SAFETY CODE § 571.018(a).

**Counties generally are responsible for the filing fees associated with an application for court-ordered mental health services but may require the patient or, where certain conditions are met, other "persons" to pay instead.**

The Code makes counties generally responsible for the "costs for a hearing or proceeding" under subtitle C.[3] *Id.* § 571.018(a)–(b); *see also* Tex. Att'y Gen. Op. No. JC-0287 (2000) at 2–3 (discussing subsections 571.018(a) and 571.018(b)). While filing fees are not specifically listed as a cost in subsection 571.018(c), the list in that subsection is not exclusive and a court would likely conclude a filing fee is a type of cost.[4] TEX. HEALTH & SAFETY CODE § 571.018(c) ("Costs . . . include . . . ."); *see also* TEX. GOV'T CODE § 311.005(13) ("'Includes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded."); Tex. Att'y Gen. Op. No. JC-0287 (2000) at 1 ("The costs of mental health services proceedings payable by the responsible county include, but are not limited to, those enumerated in section 571.018(c)."). Although the county is initially responsible for filing fees, it may be entitled to reimbursement from the patient or certain other persons or estates liable for the patient's support after it pays such fees. TEX. HEALTH & SAFETY CODE § 571.018(d) (providing the county "is entitled to reimbursement for costs actually paid"). Furthermore, certain inpatient mental health facilities that initially pay or advance filing fees may obtain a refund upon filing an affidavit certifying that one of the three conditions listed in subsection 571.018(j) applies. *Id.* § 571.018(j).

Subsection 571.018(i) authorizes counties to shift the initial financial responsibility imposed by subsections 571.018(a) and 571.018(b), stating that the county "may not require[5] *a person* other than the patient to pay . . . a filing fee . . . unless" it first makes one of two

---

[3]You suggest that pursuant to subsection 571.018(h), "the county has the discretion to pay the filing fees and costs associated with the hearing or proceeding for 'a patient committed to a private mental hospital.'" Request Letter at 4; TEX. HEALTH & SAFETY CODE § 571.018(h). However, subsection 571.018(h) prohibits payment of costs "*other than* a filing fee or other cost associated with a hearing or proceeding under" the Code. TEX. HEALTH & SAFETY CODE § 571.018(h) (emphasis added). You ask only about filing fees and other costs associated with a hearing or proceeding under the Code. *See* Request Letter at 7–8. As filing fees and such other costs are expressly excepted from the general prohibition in subsection 571.018(h), any discretion subsection 571.018(h) may otherwise afford does not pertain to the type of "costs" about which you inquire.

[4]Among other provisions, subsection 571.018(h) demonstrates that filing fees are considered "costs" for purposes of section 571.018. TEX. HEALTH & SAFETY CODE § 571.018(h) (referring to "a filing fee or *other* cost" (emphasis added)); *see also* NEW OXFORD AMERICAN DICTIONARY 1242 (3d ed. 2010) (defining "other" as "those remaining in a group; those not already mentioned"); *Horseshoe Bay Resort, Ltd. v. CRVI CDP Portfolio, LLC*, 415 S.W.3d 370, 384 n.7 (Tex. App.—Eastland 2013, no pet.) (stating that, when construing statutes, "a word or phrase is presumed to bear the same meaning throughout a text").

[5]As discussed *infra*, Local Government Code sections 133.151 and 135.102 govern payment of the filing fees relevant to your inquiry. Section 133.151 does not specify who must pay the filing fee, while section 135.102 requires that the filing fee be paid by a "person." TEX. LOC. GOV'T CODE §§ 133.151(a)(1), 135.102(a)(1). Because these provisions are outside the Code, subsection 571.003(17)'s definition of "person" does not apply. TEX. HEALTH & SAFETY CODE § 571.003 ("In this subtitle . . . ."). Instead, for the Local Government Code provisions, the Code Construction Act's general definition of "person" applies. *See* TEX. GOV'T CODE § 311.005(2) (defining "[p]erson" as "any other legal entity," including a "corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, [or] association"). Accordingly, any legal entity may voluntarily pay the filing fees associated with a mental health case.

determinations.[6] *Id.* § 571.018(i) (footnote and emphasis added). Your questions involve whether particular types of entities may be required to pay filing fees for an application for court-ordered mental health services, including these six: mental hospitals, private mental hospitals, general care hospitals, hospital districts, state hospitals, and county hospitals. Request Letter at 7–8. Because you ask specifically about these entities, only one of subsection 571.018(i)'s two possible determinations—whether the filing fees "relate to services provided or to be provided in a private mental hospital"—is relevant to your inquiry.[7] TEX. HEALTH & SAFETY CODE § 571.018(i)(1). Where such services are involved, a county may require an entity to pay filing fees if that entity is a "person" as that term is used in the Code.

The Code's definition of "[p]erson" does not include governmental entities. *See id.* § 571.003(17) (stating the term "includes an individual, firm, partnership, joint-stock company, joint venture, association, and corporation"); *see also Finley Res., Inc. v. Headington Royalty, Inc.*, 672 S.W.3d 332, 343 (Tex. 2023) (stating that "when words are associated in a context that suggests they share a common quality, 'they should be assigned a permissible meaning that makes them similar' but consistent with their ordinary meaning" (quoting ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 49, 195–98 (2012))). Accordingly, a governmental entity cannot be required by a county to pay a filing fee under subsection 571.018(i). We thus examine each of the six entities about which you inquire to determine whether they are a nongovernmental "person" to which subsection 571.018(i)(1) applies.

A mental hospital that operates primarily to provide inpatient care and treatment for persons with mental illness could be organized as one of the business entities listed in subsection 571.003(17). *See* TEX. HEALTH & SAFETY CODE § 571.003(13)(A) (defining "[m]ental hospital"), (17) (defining "[p]erson"). By contrast, a mental hospital operated by a federal agency would not be a "person" under the Code. *See id.* § 571.003(13)(B). A private mental hospital may be operated by "a person." *Id.* § 571.003(20). But it may also be operated by a "political subdivision," in which case it would not be considered a "person." *Id.* Finally, some general hospitals[8] would be a "person" while others would not, as nothing in that term's definition limits such a facility to being

---

[6]While section 571.018 is not a model of clarity, we construe a county's authority to require certain persons "to pay" filing fees pursuant to subsection (i) as performing a different function than a county's entitlement to "reimbursement for costs actually paid" under subsection (d). The former pertains to the initial payment to the clerk of the court by those other than the county while the latter involves a past payment by the county that can later be recouped from others. Interpreting these provisions to address the same circumstances would create a conflict since subsection (i)(1) authorizes a county to require payment upon determining that "the costs relate to services provided or to be provided in a private mental hospital" while subsection (d) contains no such authority. In the event this does not accord with the Legislature's intent, it remains free to clarify relevant portions of section 571.018 by amending the statute.

[7]Subsection 571.018(i)(2) authorizes a county to require payment upon determining that "the person charged with the costs is a person or estate liable for the patient's support in a department mental health facility." TEX. HEALTH & SAFETY CODE § 571.018(i)(2). None of the entities about which you inquire are both a nongovernmental "person" under the Code and also potentially subject to such liability.

[8]While a "general care hospital" is neither defined nor anywhere referenced in the Code, a "[g]eneral hospital" means "a hospital operated primarily to diagnose, care for, and treat persons who are physically ill." *Id.* § 571.003(7).

either publicly or privately owned or operated. *See id.* § 571.003(7). Where these entities fall within the scope of the definition of "person," a court would likely conclude that a county can require them to pay filing fees related to services rendered by a private mental hospital.

By contrast, a hospital district, state mental hospital,[9] or county hospital would not qualify as a "person" for purposes of the Code because such entities are inherently governmental. *See id.* § 571.003(19) (listing counties and hospital districts as political subdivisions), (21) (stating a state mental hospital is operated by the Department of State Health Services). Accordingly, a court would likely conclude that a county could not require these entities to pay filing fees for an application for court-ordered mental health services.

In sum, depending on their organization and structure, some entities about which you ask are governmental entities and thus not "persons" for purposes of subsection 571.018(i). Other entities are "persons" under subsection 571.018(i) and could be required by a county to pay a filing fee for an application for court-ordered mental health services, assuming the county first makes the required determination regarding the entity.

**While not required of the county, "persons" must pay application filing fees at the time of filing.**

The filing fees for a "mental health case" are determined by Local Government Code sections 133.151 and 135.102. TEX. LOC. GOV'T CODE §§ 133.151(a)(1) (pertaining to state filing fees), 135.102(a)(1) (pertaining to local filing fees). These fees generally must be paid when the case is filed. *Id.* §§ 133.151(a)(1) (requiring the fee be collected "on the filing" of the case), 135.102(a)(1) (requiring the fee be paid "on filing" the case). However, Civil Practice and Remedies Code section 6.001 provides that a county "may not be required to file a bond for court costs incident to a suit" that it files. TEX. CIV. PRAC. & REM. CODE § 6.001(a), (b)(4). As our office previously explained in relation to section 6.001, "the term 'bond' for court costs is synonymous with 'security' for court costs." Tex. Att'y Gen. Op. No. DM-459 (1997) at 3. Furthermore, "[f]iling fees are merely 'security for costs,' so that advance payment of such may not be required." *Id.* at 2 (quoting Tex. Att'y Gen. Op. No. MW-447A (1982) at 2). Thus, a county would not be required to pay a filing fee at the time it files an application if the filing fee is among the "court costs incident to a suit." TEX. CIV. PRAC. & REM. CODE § 6.001.

Under section 571.018 of the Health & Safety Code, a "court cost" includes filing fees. TEX. HEALTH & SAFETY CODE § 571.018(i) (referring to "a filing fee or other court costs"). This accords with our office's previous construction of Civil Practice and Remedies Code section 6.001, which recognized that the provision "exempts the state from paying security for court costs, *including filing fees* and fees for service of process." Tex. Att'y Gen. Op. No. DM-459 (1997) at 3 (emphasis added). This construction also aligns with civil practice in Texas. *See Cont'l Heritage Ins. Co. v. State*, 683 S.W.3d 407, 412 (Tex. Crim. App. 2024) ("Many of the court costs in a civil case are fees due upon filing."). Accordingly, in determining whether section 6.001 applies in this

---

[9]While a "state hospital" is not specifically defined for purposes of the Code, a "'[s]tate mental hospital' means a mental hospital operated by the [Department of State Health Services]." *Id.* § 571.003(21).

instance, we need only address whether an application for court-ordered mental health services is "incident to a suit."

Where a statutory term is left undefined, courts "typically look first to dictionary definitions and then consider the term's usage in other statutes, court decisions, and similar authorities" as a means of determining "its common, ordinary meaning . . . ." *Powell v. City of Houston*, 628 S.W.3d 838, 843–44 (Tex. 2021) (quoting *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017)). An "application" is commonly understood to mean "a formal request to an authority for something[.]" NEW OXFORD AMERICAN DICTIONARY 76 (3d ed. 2010). In the legal context, the term "application" also can mean "[a] request or petition[.]" BLACK'S LAW DICTIONARY 120 (10th ed. 2014). In Texas, "[a] civil *suit* in the district or county court shall be commenced by a *petition* filed in the office of the clerk." TEX. R. CIV. P. 22 (emphases added); *see also* BLACK'S LAW DICTIONARY 1329 (10th ed. 2014) (recognizing that a petition, "[i]n some states," means "the first pleading in a lawsuit"). Thus, an "application" for court-ordered mental health services is a formal request to a court of competent jurisdiction to commence a particular kind of "suit."

And vice versa, the term "suit" can mean "a legal application to a court for justice[.]" *McGinnes Indus. Maint. Corp. v. Phoenix Ins. Co.*, 477 S.W.3d 786, 791 n.28 (Tex. 2015) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 2286 (1961)). A "suit" can also be defined as "[a]ny proceeding by a party or parties against another in a court of law[.]" BLACK'S LAW DICTIONARY 1663 (10th ed. 2014). This further supports the connection between "applications" under the Code and a "suit," as filing "applications" initiates "proceedings" under the Code. *See* TEX. HEALTH & SAFETY CODE § 571.0166 (featuring the title "Proceedings on Behalf of the State" and addressing "[a]ll applications" filed under the Code); *see also Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 138 (Tex. 2017) ("The title and headings are permissible indicators of meaning." (quoting ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 221 (2012))).

This office has previously explained that the primary difference between a "suit" and other varieties of legal "proceedings" is that the former takes place in a court of law. Tex. Att'y Gen. Op. No. KP-0027 (2015) at 2. Proceedings resulting from an application for court-ordered mental health services meet this requirement. *See* TEX. HEALTH & SAFETY CODE §§ 574.008(a) ("A proceeding under Subchapter C or E must be held in the statutory or constitutional county court that has the jurisdiction of a probate court in mental illness matters."), 574.031(a) (stating, within subchapter C, that "the judge may hold a hearing on an application for court-ordered mental health services at any suitable location in the county"). Initiating proceedings under the Code by filing such an application thus begins a "suit" as that term is used in Civil Practice and Remedies Code section 6.001. Accordingly, a court would likely conclude that a county need not pay the associated filing fee at the time of filing.[10]

---

[10]Section 6.001 exempts a governmental entity such as a county "from advance payment of filing fees and other court costs but does not exempt it from ultimately paying such costs." Tex. Att'y Gen. Op. No. DM-459 (1997) at 4. The county may recover these and other costs if it prevails in the suit but will remain liable to pay the filing fees in the event they cannot be recovered. *Id.*

Relatedly, you ask whether certain entities subject to Health & Safety Code subsection 571.018(i) may be required to pay filing fees at the time an application is filed "even though the case is in the name of the State of Texas . . . ." Request Letter at 7–8; *see also* TEX. HEALTH & SAFETY CODE § 571.0166 (requiring "[a]ll applications" under the Code to "be filed on behalf of the State of Texas" and styled accordingly). As with a county, the State "may not be required to file a bond for court costs incident to a suit" that it files. TEX. CIV. PRAC. & REM. CODE § 6.001(a), (b)(1). We therefore must determine whether Civil Practice and Remedies Code section 6.001 applies to applications for court-ordered mental health services because such applications are filed on behalf of the State.

Health & Safety Code section 571.018 only allows a county to require payment of filing fees by a "patient" or, where applicable, another "person" or "estate" that meets the requirements set forth in subsection 571.018(i). TEX. HEALTH & SAFETY CODE § 571.018(i). The State does not fall within any of these categories. As demonstrated elsewhere in section 571.018, the Legislature knows how to assign costs to the State where it intends to do so. *See id.* § 571.018(e). That it has chosen not to in subsection 571.018(i) indicates that the Legislature did not intend for "any adult" who files an application to be treated as the State for purposes of that provision. *See In re Commitment of Bluitt*, 605 S.W.3d 199, 203 (Tex. 2020) (stating that courts "presume the Legislature chose the statute's language with care, purposefully choosing each word, while purposefully omitting words not chosen"). Civil Practice and Remedies Code section 6.001 thus does not apply to patients or other persons made financially responsible for applications filed by private individuals on behalf of the State. Accordingly, a court would likely conclude that persons required by a county to pay application filing fees must pay these fees at the time of filing.[11] TEX. LOC. GOV'T CODE §§ 133.151(a)(1) (requiring the fee be paid upon filing), 135.102(a)(1) (same).

---

[11]As your request pertains to a county requiring payment from medical facilities upon filing rather than a court rendering judgment for costs, the conclusion in *Green Oaks* that those filing applications are not necessarily parties to the case or within the court's personal jurisdiction is inapposite. *See* Request Letter at 1–8; *In re Green Oaks Hosp. Subsidiary, L.P.*, 297 S.W.3d 452, 456 (Tex. App.—Dallas 2009, no pet.). As the court indicated in that opinion, the sole "consequence of refusing to pay such a filing fee would be the clerk's refusal to file the application." *In re Green Oaks*, 297 S.W.3d at 457.

## <u>S U M M A R Y</u>

The Mental Health Code assigns responsibility for costs associated with court-ordered mental health services. Pursuant to Health and Safety Code subsections 571.018(a) and (b), counties generally are responsible for paying filing fees for an application for court-ordered mental health services. However, subsection 571.018(i) authorizes a county to require that "a person" pay filing fees if the county first determines the fees relate to services from a private mental hospital. Under the Mental Health Code, a "person" does not include governmental entities. Accordingly, where services relate to a private mental hospital, a county may require medical facilities that are not governmental entities to pay application filing fees.

Where a county is responsible for paying filing fees for an application for court-ordered mental health services, it need not pay such fees at the time the application is filed. However, where a county instead requires payment from a "person" pursuant to subsection 571.018(i)(1), that person must pay the fees at the time of filing.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

J. AARON BARNES
Assistant Attorney General, Opinion Committee