Opinion issued July 2, 2024



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-24-00161-CV**

———————————

**IN RE ROBERT WALSH, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Non-party Relator Robert Walsh filed a Petition for Writ of Mandamus arguing the trial court abused its discretion by granting Real Party in Interest Johnson Fence and Masonry, LLC's Motion to Compel his oral deposition.

We conditionally grant the relief sought.

**Background**

The underlying case is the second of two suits filed involving generally the same underlying facts. In the first suit, currently pending before the 165th District Court of Harris County, Relator Robert Walsh sued Real Party Johnson Fence and Masonry, LLC, asserting that "[Relator] entered into a valid and enforceable employment contract with [Real Party]," and that "[Real Party] breached the contract . . . [by] fail[ing] to pay [Relator] [the] sums owed . . ." ("First Suit").[1] Real Party deposed Relator and later sought to retake his deposition. On May 15, 2023, the trial court denied without prejudice Real Party's motion to retake Relator's deposition.

In the second filed suit, currently pending before the 11th District Court of Harris County, Real Party sued Relator's brother, Stephen Anthony Walsh ("Steve Walsh"), and other defendants for their alleged participation in tortious conduct and for civil conspiracy ("Second Suit").[2] Relator is not a named party in the Second Suit. The Second Suit is the underlying case in this original proceeding.

---

[1]    The first lawsuit, Cause No 2022-02795, *Robert M. Walsh v. Johnson Fence and Masonry, LLC doing business as Johnson Services Company*, is pending in the 165th District Court of Harris County, Texas.

[2]    The underlying case is *Johnson Fence and Masonry, LLC v. Stephen Anthony Walsh, Anna Marie Valdez, Teresita Tezeno a/k/a Teresita N. Valdez, JBlakeConstruction LLC, ROS Construction Services, S.O.A. Construction Services, LLC, Amados Tractors Inc., Olver Amado Cureno-Nava, Fernando Ivan Cureno, Amado Cureno, Ayleen Estefania Esparza, Ballew Construction, LLC, Ashley Robert Ballew, Lena Cruz Ballew, Alexander Nicolas Valdez, and John Does 1–10*, Cause No. 2022-75023, pending in the 11th District Court of Harris County, Texas, the Honorable Kristen Hawkins presiding.

On November 22, 2023, Real Party's counsel emailed Relator's counsel in the First Suit to request the non-party deposition of Relator in the Second Suit. Relator responded expressing opposition to the request. On December 28, 2023, Real Party filed a Motion to Compel Relator's deposition arguing that "[Relator] was the Vice President of Operations for [Real Party][,] . . . [and had] hired [defendant] Steve [Walsh to work] as a project manager, later promoting [him] to Senior Project Manager." Real Party argued that "[Relator] and [his brother] Steve [Walsh had] used their senior positions with Real Party to enrich themselves . . . [and] . . . [i]n light of [Relator's] role in [d]efendants' fraudulent and tortious conspiracy, his deposition testimony [was] essential to Real Party's prosecution of its claims against [d]efendants."

Real Party noticed its Motion to Compel for hearing on February 12, 2024. Relator, a non-party to the Second Suit, did not appear at the hearing. After hearing argument from Real Party's counsel, the trial court granted an order compelling Relator's oral deposition.

Four days later, on February 16, 2024, Relator filed an Emergency Motion to Reconsider and to Void the Court's Order, asserting that because "[Relator] is not before th[e] [c]ourt as a party and was never subpoenaed for a deposition, . . . [he]

3

has no legal obligation to participate in discovery."[3]  Relator argued that Real Party was "attempt[ing] to circumvent the 165th [District Court]'s denial of the same request [Real Party] made [in the First Suit] on September 26, 2023, with the same arguments repeated to this [c]ourt."  In addition to filing his Motion to Reconsider, Relator sent a letter to the trial court in this matter and to the 165th District Court in the First Suit, requesting an emergency hearing regarding the trial court's February 12, 2024 Order compelling his oral deposition.

In response to Relator's Motion to Reconsider, Real Party argued that "[i]t was not necessary for [Real Party] to issue a subpoena to [Relator]" under Texas Rule of Civil Procedure 205.1 because "Rule 205.1 states that a party can compel discovery from a non-party 'by obtaining a court order,' which [Real Party] plainly did."[4]  Real Party argued that Rule 205.1 applies only to a person "who is not a party or subject to a party's control."  Relying on Rule 199.3, Real Party argued that because Relator "is employed by or subject to the control of [named] [d]efendant S.O.A. Construction Services, LLC" ("S.O.A."), Relator "is subject to the control of a party to this case, [and as such,] notice alone was sufficient."[5]  In support of its

---

[3]  Relator refiled his Motion to Reconsider, and noticed it for a ndanthearing on February 26, 2024.

[4]  *See* TEX. R. CIV. P. 205.1 (governing discovery from non-parties).

[5]  *See* TEX. R. CIV. P. 199.3 (stating that witness may be compelled to attend deposition either by subpoena, or if witness "is retained by, employed by, or

contention that Relator is employed by or subject to the control of S.O.A., Real Party attached to its response an excerpt from the deposition of Steve Walsh dated December 13, 2023, that stated:

Q. Where does [Relator] work now?

A. He does work for us at S.O.A.

Real Party argued that it had moved to compel Relator's deposition because Relator had refused to submit to a deposition, stating: "We do not agree. Let's see what the [c]ourt says." Real Party continued, "[i]f [Relator] had stated a willingness to sit for his deposition upon [Real Party's] issuance of a subpoena, [Real Party] would have obliged (despite having no obligation to do so)." Real Party argued that the Order of the 165th District Court denying the reopening of Relator's deposition in the First Suit was irrelevant because "[Real Party] deposed [Relator] in a separate lawsuit *before* [it] knew the details of the . . . conspiracy to defraud [it]." (emphasis in original).

During the hearing on Relator's Motion to Reconsider, the trial court asked Relator:

So, we already had a hearing on this issue and you all chose not to participate. You didn't file a response and you didn't come to the hearing. Why should I reconsider my ruling?

---

otherwise subject to the control of a party," by notice of deposition on the party's attorney).

Relator responded:

> So, we believe, it is our position, that we are – [Relator] was not subject to the jurisdiction of this court. There was no subpoena issued for him. He is not a party to this case.
>
> And while I have read in [Real Party's] response to our motion that he is working or under the control of S.O.A. Construction, which I believe is the defendant in this case, [Relator] is not an employee.
>
> He has performed work as a 1099 contractor, but he was never actually employed by them or issued a W-2. And we did not receive a subpoena nor a notice of this deposition. We were just asked via email, basically, after the fact, with the order, when he would be available for a deposition.

At the conclusion of the hearing, the trial court orally denied Relator's Motion to Reconsider.

On February 27, 2024, Relator filed this Petition for Writ of Mandamus, arguing that because he is "not a party before the trial court, and the trial court compelled his deposition without issuance of a subpoena . . . the trial court abused its discretion." Relator argued that Real Party never served Relator with a notice of deposition, and even if it had, it would have been insufficient because "[Relator] was not employed by, retained by, or otherwise subject to the control of a party; [and] therefore" a subpoena is required. Relator also filed an Emergency Motion to Abate the trial court's order compelling his deposition.

Real Party filed a response to Relator's Petition for Writ of Mandamus and his Motion to Abate. On February 29, 2024, this Court granted Relator's Motion

and stayed his deposition pending this Court's adjudication of his Petition for Writ of Mandamus. Also on February 29, 2024, Real Party served Relator and S.O.A by electronic service with a Notice of Intent to Take Oral Deposition on March 6, 2024. Real Party also attempted to serve Relator with a Subpoena Duces Tecum, issued on February 29, 2024, scheduling Relator's deposition for March 6, 2024.

On March 2, 2024, the trial court signed a written order denying Relator's Motion to Reconsider and ordering Relator to submit to a deposition by no later than March 8, 2024. In its order, the trial court stated that Relator had "neither filed a response nor appeared at the [February 12, 2024] hearing" on Real Party's Motion to Compel his deposition. The trial court further held "there [was] evidence that [Relator] is employed and under the control of Defendant[,]" and it held that "the rulings of the 165th [District Court] [were] not binding."

In its response to Relator's Petition for Writ of Mandamus, Real Party argues, among other things, that "[b]y failing to respond to [its] motion to compel, [Relator] waived the issues he complains about in this original proceeding." Real Party further argues that "[t]he issues [Relator] complains about are moot" because after Relator filed its Petition, Real Party issued a notice of deposition and a subpoena to Relator, thus mooting his requested relief.

Relator replied, arguing that "[u]ntil a [c]ourt acquires proper jurisdiction over a person, that person has no obligation to do anything — including respond[] to

7

motions." Relator also argues that "the issue presented to this Court is not moot because [Real Party] is relying [on the issuance of] a subpoena not yet served on [Relator]."

## Standard of Review

Mandamus relief is appropriate when the trial court abuses its discretion, and the relator lacks an adequate remedy by appeal. *In re AutoNation, Inc.*, 228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding); *In re Prudential Ins. Co of America*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when there is "a clear failure by the trial court to analyze or apply the law correctly." *Walker v. Packer*, 827 S.W.3d 833, 840 (Tex. 1992) (orig. proceeding). "An order for discovery that is contrary to the Texas Rules is typically reviewable by mandamus." *In re Prince*, No. 14-06-00895-CV, 2006 WL 3589484, at *2 (Tex. App.—Houston [14th Dist.] Dec. 12, 2006, original proceeding) (mem. op.). Additionally, mandamus will lie to correct an order that the trial court had no power or jurisdiction to render. *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986) (orig. proceeding); *Decker v. Lindsay*, 824 S.W.2d 247, 249 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Mandamus relief may be afforded where the trial court's order is void.").

**Discussion**

"The scope of discovery is largely within the discretion of the trial court." *In re Prince*, 2006 WL 3589484, at *2 (citing *Dillard Dep't Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex. 1995)). "However, the trial court abuses its discretion by ordering discovery that exceeds [what is] permitted by the rules of procedure." *Id.* (citing *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex. 1995)).

**A.    There is No Evidence of Control**

Under Texas Rules of Civil Procedure, a non-party witness may be compelled to attend a deposition only by subpoena or as otherwise provided for under Rule 205.1. *See* TEX. R. CIV. P. 205.1. Rule 205.1, entitled "Forms of Discovery; Subpoena Requirement," states that "[a] party may compel discovery from a nonparty—that is, a person who is not a party or subject to a party's control—only by obtaining a court order under Rules 196.7, 202, or 204, or by serving a subpoena compelling: (a) an oral deposition." *Id.*

Real Party did not compel non-party Relator to submit to a deposition with the service of a subpoena as required by Rule 205.1.[6] Nor did Real Party move for

---

[6]    When Real Party first moved to compel Relator's deposition, Real Party did not serve Relator with a subpoena, nor did it serve Relator with a subpoena in response to Relator's Motion to Reconsider. The record reflects that Real Party first requested issuance of a subpoena for Relator's deposition after Relator filed his Petition for Writ of Mandamus, and the record reflects that the subpoena has not been served. In its response, Real Party claims that Relator "dodged [the subpoena] and would not accept service."

a court order under Rules 196.7, 202, or 204.[7]  Real Party nonetheless argues that the trial court's order compelling Relator's deposition was proper because Rule 205.1, "which requires a party to serve a subpoena on a nonparty, does not apply." According to Real Party, "there is evidence in the record to support the trial court's factual determination that [Relator] is subject to the control of a defendant in the underlying action," and thus Real Party "was not required to serve him with a subpoena."

Real Party relies on Rules 199.3 and 205.1 for the premise that Relator is employed by or otherwise subject to the control of defendant S.O.A., and consequently, a subpoena was not necessary to compel his deposition.  *See* TEX. R. CIV. P. 199.3, 205.1.  Rule 199.3, entitled "Compelling Witness to Attend," provides that:

> A party may compel [a] witness to attend the oral deposition by serving the witness with a subpoena under Rule 176.  If the witness is a party or is retained by, employed by, or otherwise subject to the control of a party, however, service of the notice of oral deposition upon the party's attorney has the same effect as a subpoena served on the witness.

TEX. R. CIV. P. 199.3.  Rule 199.3 and Rule 205.1 together encompass three categories of nonparties who may be compelled to a deposition without being

---

[7]    Rule 196.7 relates to a request or motion for entry upon property.  *See* TEX. R. CIV. P. 196.7.  Rule 202 governs the taking of depositions in anticipation of a suit or to investigate claims.  *See* TEX. R. CIV. P. 202.  And Rule 204 governs mental or physical examinations.  *See* TEX. R. CIV. P. 204.  None of these situations are applicable in this case.

10

subpoenaed: (1) employees; (2) retained experts; and (3) witnesses who are "otherwise subject to the control of a party." *In re Reaud*, 286 S.W.3d 574, 578 (Tex. App.—Beaumont 2009, orig. proceeding) (analyzing Rules 199.3 and 205.1, and concluding that the rules permit deposition of non-party witness without subpoena in only three situations).

Real Party contends that Relator "is subject to the control of a defendant in the underlying action" and thus, pursuant to Rule 199.3, a subpoena was not necessary. But the record does not support Real Party's proposition. When Real Party first moved to compel Relator's deposition, and the trial court granted his Motion to Compel, Real Party did not argue that Relator was subject to the control of a party in the underlying action.[8] The trial court thus could not have granted the motion on that basis. It was not until Relator filed its Motion to Reconsider that Real Party argued for the first time that Relator was "subject to the control" of a defendant in the First Suit. But the evidence Real Party submitted does not support its argument.

The only evidence Real Party produced in support of its argument that Relator is subject to the control of a party in the lawsuit is a one-page excerpt from the

---

[8] In its Motion to Compel, Real Party argued only that the trial court should order the deposition of Relator because Relator possessed "discoverable information" relevant to Real Party's underlying claims. Real Party did not cite Rule 205.1 or Rule 199.3 in its Motion to Compel.

11

deposition of Steve Walsh, which Real Party attached to its response. The one-page deposition excerpt redacts all but two lines from the deposition page and states, without more:



Q.  Where does Robert Walsh work now?
A.  He does work for us at S.O.A.

ESQUIRE

Based on this excerpt, which provides no context or explanation, Real Party argues that Relator is subject to the control of S.O.A. But the quoted excerpt does not support such a leaping conclusion.

Rule 199.3 and Rule 205.1 do not define what it means to be "otherwise subject to the control of a party." TEX. R. CIV. P. 199.3. But other appellate courts have

clarified that the doctrine of *ejusdem generis*[9] "limits the undefined, general term 'otherwise controlled' as used in Rules 199.3 and 205.1 to include only control of the same kind, class, or nature as the types of control parties would have over employees or retained experts." *In re Reaud*, 286 S.W.3d at 580 (holding that "these two rules do not extend to nonparties over whom the party does not have the type of control as it has over an employee or retained expert"). "Although the rationale is not expressed in the rules, we assume the employee-nonparty-witness is required to appear because his employer has the ability to establish his terms of employment, to fire him, and to decide whether he received a future promotion or demotion." *Id*. at 579.

There was no evidence presented to the trial court that S.O.A. employs Relator, or that S.O.A has the type of control over Relator that it has over employees. During the hearing on his Motion to Reconsider, Relator explained to the trial court that he "is not an employee" of S.O.A. and that he "was never actually employed by [S.O.A] or issued a W-2[,]" but rather "he ha[d] performed work as a 1099 contractor." The only evidence Real Party produced in response was a two-line deposition excerpt from Steve Walsh stating that Relator "does work" for S.O.A.

---

[9]    *Ejusdem generis* means that "when words of a general nature are used in connection with the designation of particular objects or classes of persons or things, the meaning of the general words will be restricted to the particular designation." *State v. Fidelity and Deposit Co. of Maryland*, 223 S.W.3d 309, 312 (Tex. 2007).

This evidence, alone, is insufficient to establish that Relator was employed by or otherwise subject to the control of S.O.A. for purposes of Rule 199.3. *In re Reaud*, 286 S.W.3d at 580 (explaining that "otherwise subject to the control of a party" contemplates that party has same types of control employer has over employee).

There was thus no evidence to support the trial court's finding that Relator "is employed and under the control of [S.O.A.]." Consequently, a subpoena was necessary to compel Relator's deposition and it was error for the trial court to issue an order compelling Relator's deposition without one. *See* TEX. R. CIV. P. 205.1; *In re Mosser Mallers PLLC*, No. 05-08-00259-CV, 2008 WL 963170, at *2 (Tex. App.—Dallas Apr. 9, 2008, orig. proceeding) (mem. op.) (holding that "real parties did not compel . . . non-party relator with the service of subpoena as required by rule 205" and "conclud[ing] [that] the trial court acted without personal jurisdiction over the [non-party] relator and abused its discretion in granting real parties' motion to compel"); *Cf. In re Prince*, 2006 WL 3589484, at *3 (holding that real party "properly moved to compel [non-party relator's] compliance with [a] subpoena"; granting mandamus relief on other grounds).

## B.    Relator's Actions Did Not Waive the Subpoena Requirement

Real Party argues that "[Relator] waived the issues he now complains about" in his Petition for Writ of Mandamus because "he failed to respond to [Real Party's]

14

motion [to compel] or attend the hearing [on the motion]," even though he "had notice of the motion and hearing to compel [his] deposition." We disagree.

To issue a binding order against a party, a trial court must possess personal jurisdiction over that party in the proceeding in which the order is rendered. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996) (orig. proceeding). "Generally, a trial [court] has control over only those parties properly before the court." *In re Proassurance Ins. Co.*, No. 05-15-01256-CV, 2016 WL 25645, at *3 (Tex. App.— Dallas Jan. 4, 2016, orig. proceeding) (mem. op.) (citing *Haas v. George,* 71 S.W.3d 904, 915 (Tex. App.—Texarkana 2002, no pet.)). When a trial court lacks jurisdiction to render a particular order, the order is void. *See In re Green Oaks Hosp. Subsidiary, L.P.*, 297 S.W.3d 452, 455-56 (Tex. App.—Dallas 2009, orig. proceeding); *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 635–36 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding trial court's order enforcing confidentiality agreement between former intervenor and party to lawsuit, void because former intervenor was nonparty to suit when trial court issued order).

Relator is not a named party in the First Suit. Thus, irrespective of his absence from the hearing on Real Party's motion to compel or his lack of response, the trial court lacked jurisdiction to issue an order compelling his deposition without the issuance of a subpoena. *See In re Proassurance Ins. Co.*, 2016 WL 25645, at *2

15

(trial court "lacked jurisdiction to order . . . non-party . . . to appear"). Relator therefore did not waive the issues he raises in his petition.

## C. Relator's Petition for Writ of Mandamus is Not Moot

After Relator filed his Petition for Writ of Mandamus, Real Party issued a Notice of Intent to Take the Oral Deposition of Relator and a Subpoena Duces Tecum, scheduling Relator's deposition for March 6, 2024. As a result, Real Party contends Relator's Petition is moot. We disagree.

A notice of deposition alone is insufficient to compel Relator's deposition because, as we have already concluded, the record does not support Real Party's argument that Relator is employed by or otherwise subject to the control of S.O.A. And while Real Party asserts that it has now "issued a subpoena," Real Party concedes that Relator has not been served.[10] Moreover, even though a subpoena has issued, the trial court's order compelling Relator's deposition without a subpoena remains, and as we have concluded, it was an abuse of discretion for the court to have entered it. We thus do not agree that Relator's Petition for Writ of Mandamus seeking vacatur of the trial court's erroneous order is moot.

---

[10] In its response to the Petition, Real Party states that it "attempted to serve [Relator] with a subpoena," but was not able to serve him.

**D.    No Adequate Appellate Remedy**

Relator lacks an adequate remedy by appeal.  Relator is not a party to the Second Suit, and he thus lacks the right to a direct appeal from the trial court's order compelling his deposition.  *See In re Prince*, 2006 WL 3589484, at *2 (holding there was no adequate remedy because relator "is not a party to the lawsuit" and "he has no right to appeal"); *City of Houston v. Chambers,* 899 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding) (because city was not party to lawsuit, it "has no adequate remedy by appeal, [and] mandamus may lie").

## Conclusion

We conditionally grant mandamus relief and direct the trial court to vacate its March 2, 2024 order compelling the deposition of Relator.  A writ will issue only if the trial court fails to comply.  We lift the stay issued on March 2, 2024, and dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.